————o————

WILLIAM BOYD, Appellant, *vs.* MARY H. CLOUD, Respondent.
WILLIAM BOYD, Appellant, *vs.* MARY H. CLOUD and JAMES
     FRANCIS WILDS, Respondents.

*Register of Wills—Administrator ; Removal of—Appeal from Register—Record Sent to Court—Certificate of Register—Who Entitled to Administer—Person Entitled to Residue—Insane Person ; Trustee of.*

1.   In an appeal from the judgment of the Register of Wills revoking letters of administration, the Register should send up with the papers such certificate as will satisfy the Court that the record is before them.   Such appeal, however, will not abate because of the lack of such certificate.   The papers will be remanded to the Register with an order that he send up his certificate.

2.   Where an insane person is entitled to the residue of an estate, and therefore, but for his insanity, entitled under the statute to administer, the trustee of such insane person is entitled to administer, the same as the insane person would be if capable.

( *October 31, 1905.* )

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Henry Ridgely* and *William M. Hope* for appellant.

*James H. Hughes* and *William L. Gooding* for respondents.

Superior Court, Kent County, October Term, 1905.

The first above entitled case was an appeal from an order of the Register of Wills of the State of Delaware in and for Kent County, removing William Boyd as administrator of Joshua Boyd, deceased, being No. 96, October Term, 1905.

The second case was an appeal from an order of the said Register of Wills removing William Boyd, administrator of Joshua Boyd, deceased, and appointing James Francis Wilds administrator of Joshua Boyd, deceased, being No. 97, October Term, 1905.

FACTS :— Joshua Boyd died in the early part of June 1905. He left to survive him as his only heir at law a brother, John L. Boyd, who some years previous had been declared a lunatic upon a commission duly issued for that purpose.   William Boyd, his son, was trustee by appointment of the Chancellor of the said John L. Boyd.   Shortly after Joshua Boyd's decease William Boyd applied for and was appointed the administrator of Joshua Boyd by the Register of Wills in and for Kent County.

At the same time a paper writing purporting to be the last will and testament of the said Joshua Boyd was filed in the office of the said Register.   Immediately and before any proof was made of the will a caveat was filed by the said William Boyd acting as trustee for John L. Boyd, and issue was prayed for and granted by the Register, which issue is now pending.   The paper writing purporting to be the will of Joshua Boyd devised a lot and house to his step-daughter Mary H. Cloud and she was also made the legatee therein of certain personal property.   The paper writing named no

executor, disposed of no other property than as stated, and mentioned no other beneficiary. Joshua Boyd owned other real estate and left other personal property not referred to in the will.

Shortly after the grant of letters of administration to William Boyd, Mary H. Cloud the step-daughter of the deceased, and the devisee and legatee named in the paper writing, filed her petition with the Register of Wills praying for the revocation of the letters to William Boyd and his removal as administrator. The grounds stated in the petition were confined to allegations that Mary H. Cloud was preferred to the office of administrator because William Boyd was not an heir at law of the deceased nor entitled to share in the residue of his personal estate; that the said Mary H. Cloud was a legatee named in the will of the deceased and was also a creditor of the estate.

Joshua Boyd had upon commission duly issued, been declared a lunatic about one year prior to his decease and William Boyd had been appointed trustee also by the Chancellor. Shortly before Joshua Boyd's decease, Mary H. Cloud had brought suit against the former claiming that he was indebted to her for board and maintenance.

After a hearing upon the petition of Mary H. Cloud the Register of Wills in the latter part of June, 1905, made an order revoking the letters theretofore granted to William Boyd and removing him from his post as administrator. William Boyd thereupon took an appeal to the Superior Court. In September of the same year the Register appointed J. Frank Wilds administrator c. t. a., in the place of William Boyd. William Boyd thereupon took an appeal from this last order.

(The above facts appeared in the petitions, affidavits and other papers sent up by the Register. There was no certificate of the Register accompanying the said papers.)

The appellant assigned the following causes of appeal:

"*First.* That the Register erred in removing the said William Boyd as administrator of Joshua Boyd, deceased, without allegation

or proof that he was incapable of performing or was neglecting the duties of such administration.

"*Second.* That the Register erred in removing the said William Boyd from the administration aforesaid, on the petition of Mary H. Cloud, when in fact the said Mary H. Cloud had consented to the appointment of the said William Boyd at the time of his appointment.

"*Third.* That the Register erred in the removal aforesaid upon the application of Mary H. Cloud who was neither entitled to share in the residue of the personal estate of the deceased nor was a *bona fide* creditor of said deceased nor of his estate.

"*Fourth.* That the Register erred in the removal aforesaid because the application for such removal was made by Mary H. Cloud on the sole ground that she was a creditor of the estate of said deceased, whereas in fact the said estate did not and does not owe the said Mary H. Cloud anything.

"*Fifth.* That the Register erred in removing the said William Boyd as administrator as aforesaid because said removal was made upon the sole application of Mary H. Cloud, claiming to be a creditor of said estate, whereas in fact the said Mary H. Cloud was not a *bona fide* creditor of said estate and the only claim she held against it was a pretended one which was contested in the life time of said deceased and for which suit is now pending in the Court.

"*Sixth.* That the Register erred in the removal aforesaid because the said William Boyd was the trustee and legal representative of John L. Boyd, who was the only person entitled to the residue of the personal estate of said deceased.

"*Seventh.* That the Register erred in the removal aforesaid because there was no person capable of the administration who was

by law preferred to the said William Boyd, there being no allegation or proof that the said William Boyd was neglecting his duties as administrator.

"*Eighth.* That the order of the Register was against the law.

"*Ninth.* That the order of the Register was against the evidence.

"*Tenth.* That the order of the Register was against the law and the evidence."

The causes of appeal in the second case were identical with the above, except that the following additional cause was added, viz: "That the Register erred in appointing James Francis Wilds administrator of said estate in place of William Boyd, because the said James Francis Wilds was not entitled to the residue of the personal estate of said deceased and was not a creditor of the said deceased or of his estate."

Counsel for the respondent moved to dismiss the appeal in the first case on the following grounds:

"*First.* There is no record or transcript of a record on file in this Court.

"*Second.* The papers filed have no certificate of the Register or anything else to indicate what they relate to.

"*Third.* The papers filed do not contain any depositions of the witnesses examined or show any evidence in the cause."

(Motion was also made by counsel for respondent to dismiss the appeal in the second case for the above reasons and for the additional reason that "there was no such judgment of the Register as is stated in the appeal.")

LORE, C. J.:—We remand the papers to the Register of Wills and order him to send up such certificates as will satisfy us that the record is before us. We do not know of any statutory provision to the effect that an appeal from the Register of Wills will abate because of lack of certificate. It is not like a certificate of a Justice of the Peace.

The motion to dismiss the appeals on that ground is refused.

(The Register thereupon appended his certificates to said papers, stating that the annexed papers were a true and correct copy of all his record entries in the above stated causes and of all papers filed or produced in said causes.)

(Argument upon the appeals was then begun, the appellant submitting the following brief):

### BRIEF OF APPELLANT.

*First.* The appointment by the Register in the first instance of William Boyd as administrator was an exercise of the judicial function binding upon the Register and upon the whole world. That officer could not thereafter review or rescind his action arbitrarily or capriciously. It is true that our *Statute, Revised Code page 670,* confers upon the Register of Wills the power of removing an administrator but that statute expressly enumerates the causes for such a removal. It is manifest therefore that the statutory causes are exclusive of all others not specified therein and that the Register cannot remove except upon one of the specified grounds. So far as the present case is concerned the only cause enumerated in the statute which could possibly apply is that of neglect of duty by reason of absence or inability. The proceedings disclose however that the Register did not act upon this ground. There was absolutely no allegation and there was no scintilla of evidence before him even hinting at neglect on the part of William Boyd. The Register therefore acted without the statute and of necessity without warrant of law.

*Second.* The Register makes no statement of the grounds upon which he acted in revoking the letters of administration theretofore issued to William Boyd. He was however proceeding upon a petition for such revocation filed by Mary H. Cloud. No evidence was heard by him in support of the revocation except as contained in said petition. It would seem a proper assumption therefore that he based his determination upon the allegations contained in said petition. When, however, we examine these allegations we find the only one in point to be that Mary H. Cloud is a creditor of the estate of the deceased and that William Boyd is neither a creditor nor a person entitled to the residue of the personal estate. The petition then raised the sole issue before the Register whether William Boyd or Mary H. Cloud should be the personal representative of the deceased. We repeat there was no allegation and no evidence on any other head. Nevertheless the Register arbitrarily removed William Boyd and appointed James Francis Wilds who was not a creditor nor a person in anywise interested in the estate. The Register therefore utterly failed to determine the one question raised by the petition, namely, whether Mary H. Cloud was the person preferred by law to administer.

*Third.* The Register made two orders in the proceedings. One, the removal of Boyd; the other, the appointment of Wilds. If his first order had been based upon any of the statutory causes for removal, then it might be considered as separate and distinct from his second order. This, however, was not the case, for as we have stated, the only allegation and proof heard by him was on the single point that Mary H. Cloud was preferred by law over William Boyd. It follows, therefore, that the order of removal and the order of appointment constituted a single act or decree. The arbitrary division of his finding by the Register cannot vary the fact that the removal of Boyd and the appointment of Wilds together formed one and only one determination of the proceedings. The question then before the Court is not simply whether the Register had the right to remove Boyd, but is, had the Register the right to

remove Boyd in order to appoint Wilds? We submit that there was absolutely no allegation or evidence before him authorizing such action.

*Fourth.* We have attempted to show that there is no issue before the Court between William Boyd and Mary H. Cloud but only between Boyd and Wilds. If however, we assume for the sake of argument that the Court may consider whether Mrs. Cloud or Boyd was the proper person to be appointed administrator we think our position is not weakened.

The proceeding now before the Court is of course an appeal from an order of the Register removing an administrator theretofore appointed. If however, this were not the case and Mary H. Cloud and William Boyd had both applied to the Register for appointment and the Register having preferred the latter an appeal had been taken, we believe that even then the Court would decide that William Boyd was the proper person for such appointment. The law gives the preference of the administration to the person entitled to the residue of the personal estate of the deceased. The only person so entitled in the present instance is John L. Boyd. It is true that he is incapable because he has been found to be a lunatic, but William Boyd is his trustee by appointment of the Chancellor and is therefore his legal representative. As such trustee William Boyd stands in the shoes of John L. Boyd. Any proceeding taken against the latter or any proceeding instituted in his favor must be in the name of William Boyd. We contend, therefore, that William Boyd was the natural and logical person to be appointed by the Register. We submit that a rational construction of our statute giving preferences in the right of administration warrants the appointment of a trustee of a person so preferred when there is none other in that class capable of administering. On this head we would call the attention of the Court to the case of *exparte Ostendorf, 17 South Carolina, 22.*

*Fifth.* If we again assume (what is not the case) that this appeal came up upon the contest in the first instance between Mary

H. Cloud and William Boyd as to which had the right to administer, we submit that the Court would decide in favor of Boyd. We contend that Mary H. Cloud is not a proper person to be entrusted with the administration of this estate. The sole ground upon which she bases her claim to administer is that she is a creditor of the estate. This contention is good only if she substantiates her allegation of creditorship. We would respectfully insist that she has utterly failed to do this. In the first place we have affidavits denying absolutely and entirely that the deceased and his estate owes her anything. In the second place, the claim which she pretends to hold is one now mooted in an action pending before this Court and which was instituted in the lifetime of the deceased. Whether Mary H. Cloud is or is not a creditor of the estate cannot be determined until the termination of the action which she brought before this Court in the life time of Joshua Boyd the deceased. We submit the Court will not anticipate the final determination of that suit by now holding that Mary H. Cloud is a creditor and yet if the Court does not hold her to be a creditor she certainly is not preferred over William Boyd in the administration of the estate in question. It is true our statute gives the preference in the grant of letters (after persons entitled to the residue of the personal estate) to creditors, but is obvious that the statute contemplated only those whose claims had either been adjudicated or were not in dispute. Any other conclusion would be manifestly irrational. If we are right in this then William Boyd not having been shown to have neglected his duties cannot be removed to give way to a person not by law preferred over him.

*Sixth.* Assuming again (for the sake of the argument) that the question is between William Boyd and Mary H. Cloud, we submit that Mary H. Cloud is an improper person for the appointment. The office of an administrator is an important one; its object is the preservation of the estate. Any person not likely to accomplish this object is manifestly unfit. Our Delaware statute gives the preference first of all to persons entitled to the residue of the

personal estate. The reason is obvious. He who is entitled to share in the residue would be the most likely person to conserve the estate because in so doing he would be working for his own interest.

The next preference is given by the statute to creditors. Here again the reason is plain. If the person entitled to the residue is incapable or neglects to administer, the class of persons then next most likely to preserve the estate would be those holding claims against it, since the payment of their claims might depend upon the amounts of assets which were secured to the estate. There is, however, a wide distinction between the persons entitled to the residue and creditors. The latter may be interested only to the amount of their claims, whereas the former are interested in the whole. This is why creditors are subordinated in preference to those entitled to the residue. If, however, the person seeking to administer is neither entitled to the residue nor holds a claim against the estate which has been adjudicated or is not disputed, but is merely one claiming or pretending to claim a right of action against the estate which is contested, by the residuary beneficiary, it is patent that the estate cannot derive any benefit from his appointment. Mary H. Cloud stands in precisely this same position. She and her husband have brought suits in this Court against the deceased. There were instituted in the life time of the latter. Suppose she is now appointed the administrator what will be the result? Either she will exercise her powers by voluntarily paying herself and her husband out of the estate to full amount of the contested claims, or else she will be driven to make herself as such administrator a party defendant to the suit in which she as an individual is party plaintiff.

In the latter event can it reasonably be expected that the litigation will be more than merely formal and the defense anything except of the most perfunctory character? It may be answered that redress can be had by a proceeding upon her bond. We submit that it would be most unfair to force us to such action; at the best a dilatory and expensive redress. We think the authorities are abundant to the effect that Courts have universally declined to

appoint as administrator any one having a claim or interest adverse to the estate. Even if Mary H. Cloud were entitled to share in the residue of the personal estate we believe that the books support the proposition that she would still be an unfit person to administer because she holds a contested claim against said estate.

*Ex parte Ostendorf, 17 South Carolina, 22. Pickering vs. Pendexter, 46 New Hampshire, 69. In re Biever's Appeal, 11 Pa. St., 157. Owings vs. Bates, 9 Gill (Md.), 463. In re Mills, 22 Oregon, 210.*

Apart from the sufficiency of any of the preceding points of argument, however, we submit that the action of the Register in removing Boyd and in appointing Wilds is clearly error for the reason that Mary H. Cloud had notice and knowledge of the application in the first instance of Boyd to the Register to be appointed administrator of the estate of the deceased and that she expressly consented to said appointment. She is therefore estopped from now calling it into question. We submit that this is decisive of the whole case because the action of the Register was based upon the petition of Mary H. Cloud and if Mary H. Cloud had no right to petition for the removal of Boyd then the Register had no power to act in the premises. We are confident that our position on this head is unassailable.

(Counsel for respondent submitted in reply the following brief):

## BRIEF OF RESPONDENTS.

The grounds of appeal as appear from the exceptions and causes of appeal filed are, briefly :

*First.* Error in removing administrator without allegation or proof that he was incapable of performing or was neglecting the duties of his office.

*Second.* That the petitioner for such removal consented to the appointment at the time it was made.

*Third.* That the petitioner or applicant for removal was not entitled to share in the residue of the personal estate of deceased and was not a *bona fide* creditor.

*Fourth.* That the estate does not owe the petitioner anything.

*Fifth.* That the petitioner was not a creditor only having a pretended claim which was contested in the lifetime of the deceased.

*Sixth.* That William Boyd was the Trustee and legal representative of John L. Boyd and was the only person entitled to the residue of the personal estate.

*Seventh.* That there was no person capable of the administration who was by law preferred to William Boyd and allegation that William Boyd was neglecting his duties as administrator.

*Eighth, Ninth* and *Tenth;* That the order was against the law and evidence.

The record as sent up discloses a petition of Mary H. Cloud, stating the appointment of the said William Boyd as administrator and that he is not one of the persons entitled to the residue of the personal estate of the deceased and that the only person who is so entitled is incapable of administering on said estate.

That she is a creditor of said estate and a legatee under the last will and testament of Joshua Boyd, deceased, and as such is entitled to administer on said estate in preference to said William Boyd.

In reply to this, is an answer in the shape of an affidavit signed by persons claiming to be the children of John L. Boyd and denying the part of said petition in which Mary H. Cloud claims to be a creditor but admitting that there are cases pending in Court, in which the said Mary H. Cloud is plaintiff, for the recovery of alleged

claims against said estate but setting up other facts in relation to the matter. The order of the Register states that a decree is made after a full hearing on both sides.

The Constitution of Delaware, *Section 33 of Article 4*, provides that "The Registers of Wills of the several counties shall respectively hold the Register's Court in each county upon the litigation of the cause and the depositions of the witnesses examined shall be taken at large in writing and made a part of the proceedings in the cause. The record in this appeal does not contain depositions of the witnesses or show any evidence in the said cause." The only thing that the record presents to the Court is what in effect constitute the pleadings in the said cause. It is submitted that appeals from the decision of the Register are not new trials but like appeals from the Orphans' Court or an examination of the decision below on precisely the same facts as were presented to that Court. This ruling in relation to appeals from Orphans' Court is to be found in *1 Harrington, 355 (360)*.

In the same case the Court holds that appeals from the Orphans' Court cannot be heard without a statement of the points decided and that it is the right of the party appealing to apply for such a statement unless the record shows the points so decided

It is submitted that the record in this case does not show the points decided. The allegation in the petition for removal of William Boyd states that he is not one of the persons entitled to the residue of personal estate and that the person who is so entitled is incapable of administering. This, under the *Statute on page 670 of the Code*, makes the next class of persons entitled to administration, the creditors, and the petitioner claims to be such creditor. The statute also provides that in case of administration with the will annexed as in this case, a legatee shall be preferred to creditors. The petition states that the petitioner is also a legatee and the record as sent up discloses this fact. The only claim which William Boyd makes to a right to administer is that he is the trustee of John L. Boyd, an insane person, who is the heir or person entitled to the residue of the personal estate of the deceased.

This fact appears in the affidavit or answer filed in the said proceeding but does not appear from any evidence filed with the said record. If William L. Boyd is such trustee of his father, it is submitted that a trustee of an insane person appointed by the Chancellor has charge of such insane person and the management of his property; that such trustee has no title to the property of his ward and can neither sell nor dispose of the same without authority from the Chancellor; that such trustee is merely an officer of the Court of Chancery acting under the Chancellor's authority for the care of the person and property of his ward.

That the letters granted to William Boyd were granted to him in his individual capacity and not as trustee of John L. Boyd as is disclosed by that part of the record sent up in this case showing such appointment. There is no provision in the statute providing for the appointment of such trustee or preferring him in any way. On the contrary, the statute provides that if the person entitled to the residue of the personal estate be not capable, then letters shall be granted to the creditors. The person claiming to be entitled in this case was John L. Boyd and he was an insane person. The appointment of the said William Boyd was therefore without statutory right or authority and was contrary to the preference provided for in said statute. Such statute is mandatory and the appointment of the said William Boyd contrary to its provisions was a mistake on the part of the said Register of Wills.

A trustee is not entitled to administer by virtue of his office. *Matter of Thompson's Estate, 33 Barb., 334.*

The trustee of a lunatic under our statute is appointed to take charge of them and manage their estates.—*Code 381.*

At the time of Boyd's appointment, the record discloses no application for his appointment on the ground that he was trustee of John L. Boyd. He appears to have been appointed as any other stranger. There were no notices or citations to others interested. There appears no renunciation of persons entitled to preference.

The appointment was therefore void and the Register had a right to revoke letters.

*1 Am. Law of Ad., Sec. 243.*

That the said Register of Wills had the right to remove William Boyd from the office of administrator, we think there can be no doubt. If it be contended that such removal is statutory and that it is confined to the provisions of *Section 12 of the Statute on page 670 of the Code,* we submit that the Constitution provides for a Register's Court in each county and such a Court has by necessity the incidental powers and is not confined to those prescribed by the statute. In the case of *Rash vs. Purnell, 2 Harrington, 451,* it is held that " the Register is a Judge and the sentence of his Court is the judgment of a tribunal of exclusive and peculiar jurisdiction on the subject matter before him." The question is very ably discussed in the case of *Morgan vs. Dodge, 44 N. H., 255,* which was an appeal from a decree of the Probate Court declaring void the appointment of an executrix and revoking her letters. On page 258 of said case the Court says that Probate Courts " exercise many powers solely by virtue of the provisions of our statutes but they have a very exclusive jurisdiction not conferred by statute but by a general reference to the existing law of the land ; that is, to that. branch of the common law known and acted upon for ages—The Probate or Ecclesiastical law,"—and further—" It is settled by the authorities that at common law the grant of letters testamentary and of letters of administration may be revoked," and " there are many cases where the Courts ·of Probate may remove such executors or administrators beside those enumerated in the statute."

In South Carolina in *2 Hill, page 347 (348),* the same principles are upheld.

The power to revoke letters of administration is necessarily inherent in the Register's Court and is a part of the essence of the power delegated to it of granting administration.

*Pugh et. al. vs. Hastings, Ex., 1 Barb. Chan., 452 ; Proctor vs. Wanamaker, 1 Barb. Chan., 302 ; Sifferly vs. Carcus, 24 N. Y.,*

33

*46; In Re Ex. of Verflock, 91 N. Y., 439; Williams App. 7th., Pa. State, 259; McCaffery's estate, 38 Pa. State, 331 ; Neidig's estate, 183 Pa. State, 492."*

LORE, C. J.—The Court order that the judgment of the Register of Wills in each of the above stated cases be reversed. The matter is decided on the one point, viz., whether the trustee of an insane person is entitled to administer on an estate to which such insane person is entitled to the residue; and therefore entitled under the statute to administer ; the Court hold that such trustee is entitled, the same as the insane person would be if capable.

(In No. 96 the Court rendered the following judgment):

" And now to wit this thirty-first day of October, A. D. nineteen hundred and five, it is ordered by the Court that the order of the Register of Wills in and for Kent County and State of Delaware, bearing date the twenty-ninth day of June, A. D. nineteen hundred and five, revoking the letters of administration granted on the estate of Joshua Boyd, deceased, to William Boyd and bearing date June the seventh, A. D. nineteen hundred and five, and removing the said William Boyd from his office of administrator of the goods and chattels, rights and credits of the said Joshua Boyd, deceased, be reversed ; and that all the papers sent up in this cause be remanded to the Register with this order; that the costs of this appeal be taxed against Mary H. Cloud the respondent."

(In No. 97 the Court rendered the following judgment):

" And now to wit, this thirty-first day of October, A. D. nineteen hundred and five, it is ordered by the Court that the order of the Register of Wills in and for Kent County, bearing date the twenty-fifth day of September, A. D. nineteen hundred and five, granting letters of administration c. t. a. upon the estate of Joshua Boyd, late of East Dover hundred, unto J. Frank Wilds, be reversed; and that all the papers in this proceeding be remanded to the Register with this order."