IN THE MATTER OF ANITA M. EMORY, an Insane Person.

*Kent, January 11, 1950.*

*Howard E. Lynch, Jr.,* for Kent Concrete Co.

*David P. Buckson,* for Farmers Bank, trustee.

HARRINGTON, Chancellor: Herman F. Emory died intestate, seized of a house and lot near Dover, leaving to survive him a widow, Anita M. Emory, and a daughter by a former marriage, Edith M. Horay, to whom the property descended in fee simple subject to the right of her stepmother to an undivided one-half interest for life. On an inquisition held, Anita M. Emory was declared insane and the Farmers Bank at Dover was appointed her trustee.

See § 3091, *Revised Code of Delaware* 1935; *Equitable Trust Co. v. Union National Bank, et al., Trustees*, 25 *Del. Ch.* 281, 18 *A.* 2d 228; *In re Reeves*, 10 *Del. Ch.* 483, 94 *A.* 511. The Emory property had considerable value but was unoccupied, producing no income, and both the heir at law and the trustee deemed an early sale advisable so as to take advantage of a high market. Edith M. Horay, the heir at law, wished to advertise it for sale at public auction clear of the widow's rights, the trustee to join in the deed to the purchaser and this court to determine the widow's share of the proceeds of the sale. The widow was about seventy years of age and the trustee approved the suggested plan and on its petition this court made an order accordingly. The return shows that pursuant to that order the property was sold clear of the widow's rights to Kent Concrete Company, a corporation of this State, for $9300, and the purchase price was paid and deposited in this court. The heir at law also appeared in the proceedings and filed a paper indicating her consent to a determination of the widow's share of the fund by this court.

The purchaser later objected to the confirmation of the sale on the ground that in the absence of an express statutory provision the Court of Chancery did not have the power to direct the trustee to sell and release the widow's unassigned rights in the property.

*Section* 3091 of the *Revised Code of* 1935 provides:

"The Court of Chancery shall have the care of insane persons above the age of twenty-one years, so far as to appoint trustees for such persons to take charge of them and manage their estates."

*Section* 3094 authorizes the Chancellor to direct the sale of "any real estate" of an insane person if deemed proper.

Prior to assignment, the rights of a widow in her husband's intestate real property is a right of action and not an estate, 28 *C.J.S., Dower*, § 67, *p.* 144-146, and cannot be sold

under this section. But Anita M. Emory, if sane, could have sold and released her rights to the purchaser of the fee, and *Section* 3093 provides that "a trustee may, in the name of the insane person, do whatever is necessary for the care, preservation and increase of his estate." It is evident that the word "estate" is used in that section in the broad and comprehensive sense of "property." See 21 *C.J.* 913, 914; 31 *C.J.S., Estate,* § 1.

*Section* 3093 included ordinary administrative powers, subject of course to the supervision of this court, 4 *Pomeroy Eq.Jur.,* (5th Ed.) § 1311; *cf. Equitable Trust Co. v. Union National Bank, et al.,* 25 *Del.Ch.* 281, 18 *A.* 2d 228, but has been liberally construed with respect to its real scope. *Cf. In re Reeves, supra.* In that case the Supreme Court affirmed a decree of this court, 10 *Del.Ch.* 324, 92 *A.* 246, though for different reasons than those given by the Chancellor directing the trustee for a lunatic to sell and convey a fee simple title to the purchaser of property held by the lunatic merely as a tenant in tail, thereby extinguishing the rights of the owner of the remainder in fee. The court conceded that the right to bar the entail[1], while an incident of the estate, was not a property right and relied on both *Sections* 3093 and 3094 of the statute to sustain its conclusion.

In view of the nature of the widow's rights it therefore seems reasonable to conclude that under *Section* 3093 this court had the power to order their sale and release to the purchaser of the fee. *Section* 3784 of the *Revised Code of 1935* is not applicable, and *Equitable Trust Company v. Union National Bank, supra,* and *In re Culver,* 12 *Del.Ch.* 395, 104 *A.* 784, involved very different questions. In the *Equitable Trust Company* case this court held that under *Section* 3093 the trustee for a lunatic could not exercise a power reserved with respect to the investment of the funds

---

[1] A person having a legal or equitable estate in fee tail may alien it as though it were held in fee simple. *Rev. Code* 1935, *Sec.* 3698.

of a trust created by the lunatic by deed. It was pointed out that the right reserved was neither a property right nor an estate. In the *Culver* case, the petition of a widow and the guardian of a sole minor heir to value the widow's rights in intestate land in money was denied. No petition for partition nor proceeding giving that statutory right was pending.

It is not denied that the sale was beneficial to the insane widow. The fact that the entire fund arising from the sale is on deposit in this court will enable it to protect the widow's rights to a fair share of the proceeds.

The motion to set aside the return of the sale by the trustee is denied and an order will be entered accordingly.