The opinion of the Court was afterwards delivered by
Parsons, C. J.
This is a formedon in remainder, on the gift of Mary Williams to George Baker in fee tail, remainder to Zebediah Williams, the ancestor of the demandants, in fee, after the death of George Baker without issue.. ,
The parties have submitted the cause to the Court upon a case agreed, on which two questions arise.
The first is, whether the gift to George Baker was in tail, or an executory devise in fee. The gift is a devise by Mary Williams, in hei last will. An estate tail is so clearly created by express words, that there is no room for construction ; and we are satisfied that the devisee, George Baker, took an estate tail, remainder in fee to the ancestor of the demandants.
The second question arises on the effect of the conveyance of the demanded tenements by George Baker, father of the tenant in tail, to the tenants.
*It appears from the case that the tenant in tail had [ * 195 ] become non compos mentis; that his father had been duly appointed his guardian, and had, in due form of law, obtained a license from the Supreme Judicial Court to sell these tenements for the payment of the debts due from the non compos. And it is very properly admitted by the parties, that, pursuant to the statute of 1783, c. 38, § 5, the tenements, if the non compos had been seised of them in fee simple, would have passed to the tenants by the deed of the guardian.
But it is contended by he demandants, that the guardian was not authorized by law to sell the estate tail of his non compos mentis ward for the payment of his debts
*176 The authority of the guardian to sell these lands must depend upon the construction of the statute of 1791, c. 60. By the first section of this statute, tenant in tail may, by a deed for good and valuable consideration, sell his estate tail, to be holden by the purchaser in fee simple. By the second section, it is declared that all estates tail shall be liable and subject to the payment of the debts of the tenant in tail, in the same way and manner other estates are subject and liable, as well after his decease as in his life.
The estates in fee simple of any person non compos mends may lawfully be sold for the payment of his debts by his guardian. In this way and manner, the estates of any person non compos mentis are liable and subject to the payment of his debts in his life; and this second section enacts that estates tail shall be liable and subject to the debts of the tenant in tail, in the same way and manner as his estates in fee simple in his life.
The conclusion is irresistible, that a guardian of a person non compos mentis may, on being duly licensed therefor, lawfully sell in fee simple the estate tail of his ward, during his life, for the payment of his debts, and that the estate tail is by such sale extinguished, and the remainders legally barred.

The demandants must therefore he nonsuit