JOHN DOE, upon the demise of ALPHONZO HAZZARD, *vs.* RICHARD ROE, Casual Ejector, and DAVID H. HAZZARD, tenant in possession.

ESTATES TAIL—EXECUTION SALE.

*Rev. Code of* 1915, § 3235, provides that a person having an estate in fee tail shall have power to alien the lands in fee simple or for other less estate by deed, as effectually as if such estate were in fee simple, and that such alienation shall have the same effect for barring all estates tail and other interests as though such person was a party cognizor to a fine or a party vouchee to a common recovery. *Section* 4365 provides, relative to execution sales, that the grantee in any deed executed under the preceding section shall hold the premises as fully and for such estate as he for whose debt the land shall be sold might or could do at or before the taking thereof, in execution. *Held* that, where land was devised in tail with remainder over upon the failure of lawful issue, a sheriff's deed under an execution against the tenant in tail barred the estate tail and conveyed a fee-simple title, as under the statute the sheriff's deed conveys the same estate that the debtor might convey, especially as estates tail, though not abolished in this state, as in most other states, are looked upon with disfavor.

(*April* 6, 1915.)

Judges CONRAD and HEISEL sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Charles W. Cullen* and *Albert Worth* for defendant.

Superior Court, Sussex County, April Term, 1915.

Ejectment by John Doe, on the demise of Alphonzo Hazzard, against Richard Roe, casual ejector, and David H. Hazzard, tenant in possession. Judgment for defendant.

For s. c. Supreme Court, see 6 *Boyce*—, 97 *Atl.* 233.

ACTION OF EJECTMENT (No. 22, October Term, 1914) argued upon a case stated, the facts of which are stated in the opinion; the question submitted to the court for determination being, whether or not land sold and conveyed by a sheriff, in this state, upon execution process issued upon a judgment against a tenant in tail of the land, conveys to the grantee in the sheriff's deed, an estate for the life of the tenant in tail only, or a fee simple estate.

HEISEL, J., delivering the opinion of the court:

The facts agreed upon are substantially as follows:

That Alphonzo Hazzard, Sr., by his last will and testament and the codicil thereto, devised to his son, Ira D. Hazzard an

estate tail in the land in question, with remainder over, in the event of the failure of "lawful issue begotten by his own body," to his other son, Alphonzo Hazzard, Jr., the plaintiff in this action. That on the twenty-third day of July, A, D. 1892, one Ralph Hazzard caused judgment to be entered against the said Ira D. Hazzard in this court.

That on the twentieth of February, 1897, Joseph D. Truxton, then sheriff of this county, by virtue of a writ of *venditioni ex ponas*, issued upon said judgment, sold the land so devised to the said Ira D. Hazzard, to Henry R. Hazzard, and executed and delivered to the said Henry R. Hazzard, his deed for said premises, on the thirtieth day of April, A. D. 1897; said deed being of record in the recorder's office of this county in *Deed Record B. B. Z. No.* 125, *folio* 263, etc.

That the said Henry R. Hazzard, by his deed bearing date the twenty-sixth day of February, A. D. 1898, and recorded in the recorder's office aforesaid, in *Deed Record C. C. A. No.* 126, *page* 592, etc., conveyed the said land to David H. Hazzard, the defendant in this action.

That on the twenty-fourth day of July, A. D. 1914, the said Ira D. Hazzard, the devisee tenant in tail died, unmarried and without issue, and counsel further agree that:

"If the court shall be of opinion that the said sale by the said sheriff, Joseph D. Truxton, upon execution process as aforesaid, upon said judgment, against said Ira D. Hazzard, did not have the effect to bar the estate tail, so as aforesaid devised to the said Ira D. Hazzard, then that judgment shall be entered for the plaintiff; but if the court shall be of opinion that the said sale so as aforesaid made by the said sheriff did have the effect to bar the estate tail, so as aforesaid devised to the said Ira D. Hazzard, the said tenant in tail, then that judgment shall be entered for the defendant."

The only question submitted to the court for determination is whether or not, land sold and conveyed by a sheriff, in this state, upon execution process issued upon a judgment against a tenant in tail of said land, conveys to the grantee in the sheriff's deed, an estate for the life of the tenant in tail only, or a fee simple estate?

While it might be of interest to review the history of the law

relating to estates in tail, from the view we take of the question to be determined, it would not be helpful.

It has unquestionably been the policy of the law in this country to look with disfavor upon estates tail, and so far has this policy been extended by statutes, that practically all the states have abolished them entirely. In our own state, while they have not been abolished, they have not been looked upon with favor, and as early as 1829 a statute was enacted by the Legislature empowering the tenant in tail to bar the issue or remainder in tail by a simple deed of bargain and sale. Under that statute (now *Section* 3235 of the *Code* of 1915):

"A person having a legal or equitable estate, or right, in fee tail, in possession, remainder, or reversion, in any lands, tenements or hereditaments shall have power to alien the said lands, tenements, or hereditaments, in fee simple, or for other less estate, by deed, in the same manner and as effectually as if such estate, or right, were in fee simple; and furthermore, the deed of alienation in fee simple of any person, of any lands, tenements or hereditaments, shall have the same effect and operation for barring all estates tail and other interests in the said lands, tenements, or hereditaments, as such persons being a party cognizor to a fine in due manner levied, or a party vouchee to a common recovery with a double voucher in due manner suffered, of the said lands, tenements or hereditaments. But no deed shall avail within either of these provisions, unless it shall be duly acknowledged, or proved according to law; nor unless it be a valid and lawful deed sufficient to pass the premises therein, if the maker thereof were seized of said premises in fee simple."

Certainly no one will deny, that after the enactment of this statute, a tenant in tail could, in his lifetime, bar the issue in tail, or the remainder in tail, by his deed in fee simple, duly acknowledged or proved according to law.

While a tenant in tail had only an estate tail in the land, he was enabled by the statute to convey a larger estate, to wit, a fee simple estate; the only restriction being that applicable to deeds conveying a fee simple estate when the grantor held a fee simple title, that is, the deed should be in proper form to convey such title and be properly acknowledged and proved.

There can be no doubt, and it was so held in *Draper v. Draper*, that a judgment against a tenant in tail is a lien upon his whole estate in the land, and that the land is subject to sale by the sheriff under an execution issued upon the judgment.

The sheriff having the authority to sell the land of the tenant in tail under execution process against him, what estate does the grantee in the sheriff's deed take?

At the time of the enactment of the statute enabling tenants in tail to convey in fee simple, there was already an act defining the estate conveyed by a sheriff by his deed, in pursuance of a sale under an execution. This statute was passed between 1726 and 1736 (now *Section* 4365 of the *Code*), and provided that:

"The grantee in any deed, executed under the foregoing section (that is by a sheriff to convey land sold under execution) shall hold the premises therein conveyed, with all their appurtenances, as fully and amply, and for such estate and estates, and under such rents and services, as he, or they, for whose debt, or duty, the same shall be sold, might, or could, do at or before the taking thereof in execution."

It will be noticed that the statute does not provide, that the grantee under the sheriff's deed, shall take such estate or estates as the holder of the land sold, had, at, or before the taking thereof in execution, but the grantee takes and holds the land conveyed by the sheriff, as fully and amply, and for such *estate or estates as the debtor might or could convey.*

The debtor, in the case at bar, was a tenant in tail, who under the statute might, or could convey, an estate in fee simple; his estate in the land was subject to be seized and sold by the sheriff under execution, and the law has provided but one way of ascertaining the estate conveyed by the sheriff to the purchaser under such sales, which is, such estate and estates as the debtor might or could *convey* at or before the taking thereof in execution.

We see no reason why this section does not apply to land held by a tenant in tail as well as to land held by any other estate, when sold by the sheriff upon execution process. The law defining the estate conveyed by the sheriff was passed many years prior to the law enabling tenants in tail to bar the issue in tail by deed, and the Legislature by enacting the later statute, whereby the tenant in tail became substantially the owner in fee simple, we think, intended to subject estates in tail to the same liabilities for the debts of tenants in tail before docking the tail, as after. Both objects being accomplished by the one statute.

We have been unable to find any case in which the question here presented has been raised. Neither in the case of *Hollett v. Pope and Quill*, 3 *Harr*. 542, cited by counsel for plaintiff, nor in *Draper v. Draper*, 5 *Harr*. 358, cited by counsel for defendant, was the question raised.

In the *Hollett case* the only questions were, first, whether the estate devised was an estate tail or executory devise, and second, whether the plaintiff was estopped to claim the title to the lands in question for the reason that he kept silent when he should have asserted his claim to the title. In the *Draper case*, the judgment upon which the property was sold, was against the plaintiff in that case, who was entitled to the remainder in tail of one undivided moiety of the land, and it was his interest in the remainder in tail in that moiety that was in question in that case; while in the case at bar, the judgment was against the tenant in tail, and the plaintiff is the person who would be entitled to the remainder had he not been barred. In other words, if in the case at bar the judgment upon which the land was sold had been against Alphonzo Hazzard, the plaintiff, and all his estate in the land had been sold by the sheriff in the lifetime of Ira D. Hazzard, and Ira D. Hazzard had died without docking the tail, and after his death, Alphonzo Hazzard had brought his action to recover the land from the purchaser at the sheriff's sale, the *Draper case* would be directly in point.

For the reasons stated, we are of opinion that the sale of the land in question, by the sheriff, Joseph D. Truxton, upon execution and judgment against Ira D. Hazzard, and his deed for the same to Henry R. Hazzard, did have the effect to bar the estate tail, and did convey to the said Henry R. Hazzard such estate in said lands as Ira D. Hazzard *might or could have conveyed* at, or before the taking thereof in execution; and therefore enter judgment for the defendant.

And now, to wit, this sixth day of April, A. D. 1915, this cause having been heard, and the court being of the opinion that the plaintiff is not entitled to recover the premises in question, mentioned in the demise laid in his declaration, judgment is hereby entered for the defendant.