JOHN DOE upon the demise of ALPHONZO HAZZARD, plaintiff below, plaintiff in error, vs. RICHARD ROE, Casual Ejector, and DAVID H. HAZZARD, tenant in possession, defendants below. defendants in error.

1. ESTATES TAIL—LIABILITY FOR DEBTS.
    Entailed property cannot be made liable for debts of tenant in tail for longer than his life.

2. ESTATES TAIL—BASE FEE.
    Bringing ejectment by the remainderman has the effect of entry by him sufficient to defeat the grantee of the tenant in tail.

3.  ESTATES TAIL—STATUTORY MODIFICATION OR ABOLITION.

Estates tail exist in Delaware.

4.  ESTATES TAIL—STATUTORY MODIFICATION OR ABOLITION—CONVEYANCE TO BAR ENTAIL.

Under *Rev. Code* 1915, § 3235, a tenant in tail may convey a larger estate than he has, and may convey a fee simple.

5.  ESTATES TAIL—CONVEYANCE TO BAR ENTAIL.

If a tenant in tail does not convey a larger estate than he has or fee simple, the tenant in remainder takes the estate under the instrument by which created.

6.  ESTATES TAIL—CONVEYANCE TO BAR ENTAIL.

The tenant in tail in remainder has rights which can be taken away either by fine and common recovery, or under *Rev. Code* 1915, § 3235, by a deed made by the tenant in tail.

7.  ESTATES TAIL—SHERIFF'S SALE ON EXECUTION.

The sale and conveyance by a sheriff on execution of a judgment against a tenant in tail, of the land of the tenant in tail, does not bar the entail, but the sale purchaser holds only during the life of the judgment debtor.

(*April* 24, 1916.)

CURTIS, Chancellor, PENNEWILL, C. J., and RICE and BOYCE, J. J., sitting.

*White* and *Tunnell* for plaintiff in error.

*Charles W. Cullen* and *Albert Worth* for defendant in error.

Supreme Court, adjourned January Term, 1916.

ACTION OF EJECTMENT, No. 22, October Term, 1914, in the Superior Court for Sussex County.

Error to Superior Court, Sussex County, No. 3 to January Term, 1916.

This was an action of ejectment brought by Alphonzo Hazzard against David H. Hazzard to recover certain lands, situate in Indian River Hundred, Sussex County.

The case was heard by the court below, on a case stated, in and by which it was agreed, in substance, that Ira D. Hazzard and Alphonzo Hazzard (the plaintiff) were sons of Alphonzo Hazzard, Sr., deceased, and that under the will and codicil thereto annexed of the latter, the said Ira D. Hazzard took an estate tail in the lands with an estate tail in remainder therein to the plaintiff; that the lands so devised to the said Ira D. Hazzard were taken in execution on a judgment against him, and sold by

the sheriff to Henry R. Hazzard, who subsequently conveyed the same to David H. Hazzard, the tenant in possession, one of the defendants, and that the said Ira D. Hazzard thereafter departed this life, unmarried and without issue.

The question submitted to the court below was whether the grantee in the sheriff's deed took an estate for the life of the tenant in tail only, or in fee simple.

The court found that the effect of the sheriff's deed under the statute was to bar the estate tail in the lands sold, and to invest the sheriff's grantee with an estate in fee simple; and judgment was entered for the defendant.

The plaintiff took a bill of exceptions and sued out a writ of error, and assigned that the court below erred, (1) in rendering judgment for the defendant; and (2) in not rendering judgment for the plaintiff. Judgment below reversed; BOYCE, J., dissenting.

See case below, 5 *Boyce* 502, 94 *Atl.* 905.

CURTIS, Ch., delivering the opinion of the majority of the court:

In the court below the case was heard on an agreed statement of facts submitted for the opinion of the court. The land of a tenant in tail, Ira D. Hazzard, was sold by the sheriff on an execution on a judgment recovered against the tenant in tail, and the land was purchased by Henry D. Hazzard and a deed made to him therefor by the sheriff. Afterwards, and in the life of Ira D. Hazzard, the sheriff's grantee conveyed the land to David H. Hazzard, the defendant. Ira D. Hazzard, the tenant in tail, made no conveyance of the land, died without issue and afterwards the tenant in remainder after the estate tail, Alphonzo Hazzard, brought an action of ejectment. The court below were of the opinion that the effect of the sale and conveyance by the sheriff was to bar the entail and as the vendee took such an estate as the debtor might or could have conveyed, he took an estate which he could and did convey to the defendant, and gave judgment for the defendant below. By writ of error the case is brought to this court. A further statement of the facts appears in the report of the case below.

The court below construed the statute as giving the purchaser at the sheriff's sale the same estate as that which the debtor could convey. In giving this construction of the statute the court below erred. The language of the statute is that "the grantee * * * shall hold the premises * * * as fully and amply; and for such estate and estates * * * as he or they for whose debt or debts the same shall be sold might or could do at or before the taking thereof in execution." In this case Henry D. Hazzard, the sheriff's grantee, was entitled to hold the premises as fully and amply and for such estate as Ira D. Hazzard, the defendant in the judgment and tenant in tail, might or could do, i.e., might or could hold the premises, which is quite different from that view expressed by the court below.

[1] It is a settled principle of the common law that a tenant in tail cannot charge the estate with his debts so as to affect it after his death, and the entailed property cannot be made liable for his debts for a period longer than his life. 1 *Washburn on Real Property*, *80; 1 *Tiffany on Real Property*, § 28, *p.* 67; *Williams on Real Property*, § 57. The reason is plain. The tenant in tail has but a life estate and the person who takes the estate at his death takes through him, though not from him, but under the instrument creating the estate; that is to say, *per formam doni*.

[2] In the case before the court it is unnecessary to consider whether at common law the grantee of a tenant in tail takes an estate for the life of the tenant in tail, or a base fee, which was liable to be defeated on the death of the tenant in tail by the entry of the remainderman (which question was discussed in *Waters v. Margerum*, 60 *Pa.* 39), for the plaintiff in the ejectment here is the remainderman and his bringing the action of ejectment has the effect of an entry.

[3-5] Estàtes tail still exist in Delaware. In modern times, and in Delaware for many years by statute the tenant in tail may convey a larger estate than he has and may convey a fee simple. *Revised Code of* 1915, p. 1495, *par.* 3235.. But his estate is not increased because of this power to convey a larger estate. If he does not exercise the power in his life, the tenant in

remainder takes the estate under the instrument by which the estate was originally created.

In this case the tenant in tail, Ira D. Hazzard, made no conveyance. The land of which he was tenant in tail was sold on an execution on a judgment against him, and by the words of the statute Henry R. Hazzard, the grantee in the sheriff's deed, was entitled to hold the premises thereby conveyed as fully and amply and for such estate as Ira D. Hazzard might or could do, *i. e.*, might or could hold the premises, for Ira D. Hazzard made no conveyance of the premises. By a strict interpretation of the statute, inasmuch as the tenant in tail could hold the premises for his life only, the grantee in the sheriff's deed could hold it no longer.

But it is not necessary to rely on a construction so narrow. There are no decisions in the courts of Delaware which throw any light on the question. There are, however, cases in Pennsylvania, where the statute relating to the estates, rights and powers which the grantee in the sheriff's deed take is identical with the Delaware statute. *Purdon's Digest*, 199. In Pennsylvania it has been decided that that statute did not change the common law rule, and that the grantee in the sheriff's deed did not take more than the defendant in the judgment had, viz.: a life estate, and notwithstanding the sale and conveyance of his estate in the premises by the sheriff on a judgment against him, the tenant in tail under another statute could by proper deed convey the remainder after his life estate. This was so held in an early case in 1844. *Elliott v. Pearsoll*, 8 *Watts & S.* 38. It appeared in that case that E. had an estate tail and the land was sold on a judgment against him to S., and afterwards E. made a deed to S. to bar the entail. Held, that S. took a good title as against the heirs of E.

"Tenant in tail is seized of an estate of inheritance which cannot be devested by any conveyance under the Statute of Uses or by a sheriff's deed, which passes no more than he could legally convey himself. He may part with the enjoyment of the land during his life by a deed of bargain and sale, or the sheriff may sell it on execution; still he continues to be seized of the inheritance; and it is he and not the purchaser who transmits it to the issue claiming through him, *per formam doni*, at his death. Why cannot he then do any act to bar it after his immediate interest had been sold which he could have done before it? A conveyance by the sheriff's deed, which, unlike a

feoffment, passes no more than the debtor can legally pass, works no discontinuance of the estate; and the tenant in tail still being seized of the inheritance may bar the issue by a common recovery  *  *  *    or as effectually by a deed acknowledged in court."

[6] Inasmuch then as notwithstanding the sheriff's deed the tenant in tail could convey to the grantee of the sheriff, the tenant in tail could convey the fee to some other person than such grantee, and therefore the grantee from the sheriff did not take a power to convey as fully as the tenant in tail could. This principle was in fact established in the case of *Doyle v. Mullady*, *33 Pa.* 264. There the interest of M. as tenant in tail was sold by the sheriff on a judgment against him and the land conveyed to L. by the sheriff. Afterward the tenant in tail conveyed the land to F. for the purpose of barring the entail and F. then reconveyed to M. and M. to the defendant. It was held, that the sale under the judgment did not bar the estate tail, and that the deed from M. to F. was good and also the deed from F. to M. and by M. to the defendant who became the legal and equitable owner in fee simple. The authority of the two cases above cited was recognized in *Waters v. Margerum*, *60 Pa.* 39 (1869). The decisions in Massachusetts, *Williams v. Hichborn*, *4 Mass.* 189, and *Cuffee v. Milk*, *51 Mass.* 366, depend on statutes different from those in Delaware, for in Massachusetts estates tail are by statute made liable to be taken for debts of the tenant in tail. The Pennsylvania decisions are satisfactory as precedents and in principle. They adopt and enforce the recognized rule of the common law which is still in force if not changed by statute, and it has not been so changed. There the creditor of the tenant in tail cannot frustrate the intention of the creator of the entail, and the right of the tenant in tail in remainder is protected as against the creditor of the tenant in tail. The tenant in tail in remainder has rights which can be taken away in two ways, viz.: one by a fine and common recovery, and the other under the statute by a deed made by the tenant in tail. But neither of these ways are open to a creditor of the tenant in tail. Furthermore, no such right is expressly, or by necessary implication given by statute, for if he levies on and sells the land which his debtor

holds in tail he can hold it in no fuller way than his debtor held it, which was for life.

In the case of *In re Reeves,* — *Del. Ch.* —, 94 *Atl.* 511, this court affirmed a decision of the Chancellor that where a lunatic was a tenant intail and it was deemed to be for the interest of the lunatic that his interest in the real estate be sold, and the trustee for thel unatic by order of the Chancellor sold to the purchaser a fee simple estate in the land, the deed of the trustee to the purchaser made pursuant to such sale passed to the grantee a good title in fee simple. The theory of this decision was that the Chancellor, through the trustee, was doing for the unfortunate tenant in tail that which was for his best interest and advantage, and that which he could not do for himself by reason of his mental infirmity, even though by the sale and conveyance in that way the testamentary purpose was frustrated by the cutting off of the rights of the tenant in remainder. This decision should not be extended beyond the facts and the statutes involved, notwithstanding the expression of opinion therein as to the effect of a sheriff's sale of land of a tenant in tail on a judgment against the tenant in tail. It does not necessarily apply here in favor of an execution creditor whose interest is hostile to the tenant in tail. In the case cited it was applied for the benefit of a person mentally incompetent to act for himself and done pursuant to a statute passed for the relief and protection of lunatics. The trustee under the order of the court took the place of the insane person and his act had the same effect as though it had bene done by the tenant in tail in his right mind.

[7] In our opinion, then, Henry R. Hazzard under the deed of the sheriff took an estate for the life of Ira D. Hazzard, and had no power to convey a larger estate, so that the grantee, Henry D. Hazzard, took no more, and as Ira D. Hazzard in his lifetime made no conveyance of the land to bar the entail, then on his death the title passed *per formam doni* to Alphonzo Hazzard. It follows, then, that this court are of the opinion that the deed of the sheriff did not have the effect to bar the estate tail devised to Ira D. Hazzard, and the judgment of the court below must be reversed and judgment entered for the plaintiff below.

Chief Justice PENNEWILL and Judge RICE concur.

BOYCE, J. (dissenting).   I cannot give my consent to the majority opinion.

At this late day, in view of the unsavory history of estates tail, I am unable to see that they merit the application of ancient, technical rules of feudal law to preserve them against purchasers at execution sales, contrary to the result that follows a liberal construction of our own statutes.   Besides it is well known that estates tail result almost wholly from accident rather than from the intention of the donor.

By *Section* 27, *Chapter* 83, *Revised Code* (1893) 631, estates tail are not favored.   Indeed restraints upon alienation of lands in this state, as in all the states, are contrary to public policy.   By *Section* 1, *Chapter* 111, *ibid*, 828, lands of a tenant in tail are chargeable with his debts; and by *Section* 27 of the last mentioned chapter, "the grantee in any deed, executed under the foregoing section shall hold the premises therein conveyed, with all their appurtenances, as fully and amply, and for such estate and estates, and under such rents and services, as he or they, for whose debt, or duty, the same shall be sold, might, or could, do, at or before the taking thereof in execution."

Under the last-mentioned provision, the grantee in a sheriff's deed shall hold the premises sold not only for such estate and estates as the debtor held therein, at or before the taking thereof in execution, but for such estate and estates, and as fully and amply, as the debtor could or might hold, at or before the taking in execution.

In considering the legal effect of this provision, the fact that it was passed before the act for barring estates tail is not controlling; for long before the enactment of either of these statutes, the right of a common recovery existed and continues to exist for barring estates tail.

The question here was argued by counsel and considered by this court in the case of *In re Reeves*, — *Del. Ch.* —, 94 *Atl.* 511, decided at the June Term last.   In that case, it was contended that a sheriff's deed conveys to the grantee not only the estate which the debtor had at the time of sale, but the estate as well which he could, or might, have, at or before the taking thereof in execution.

The reason urged was that it is the policy of our law to prevent the defrauding of creditors, and that the purpose of the statute was not to permit the holder of an estate tail to exercise his right to bar it, if for his benefit, but to withhold that right when to exercise it would benefit a creditor who advanced him money relying upon his good faith and honesty.

Against this, it was contended for the remainderman that the sheriff could only sell the life estate of the tenant in tail, and that such a sale did not bar the remainderman.

The general policy of our law with respect to taking real estate in execution for debt was declared by this court, in the case of *Flanagin v. Daws*, 2 *Houst.* 492, wherein Chief Justice Gilpin said:

"That it was manifest from our statute for taking real estate in execution that it was intended to include and subject to execution and sale, every description of estate or interest legal or equitable, which a person might have in lands or houses, except where the same was subject to an active trust."

Holmes (now Mr. Justice) in his notes to *Kent's Commentaries*, under the title of estates tail, says:

"A fee simple passes on a judicial sale to satisfy a charge, * * * and the same consequences must follow in all of them when the land is chargeable with debt."

Long ago, after the *Taltarum case*, estates tail were liable for debts of record and specialties due the Crown, and afterwards in cases of bankruptcy.

Lands of a tenant in tail may, in this state, be sold for a "duty", that is for a tax, impost, or the like. A sale therefor extinguishes the entail. Under our statute the consequences are the same whether the execution sale is made for the "debt or duty" of the tenant in tail.

This court held in the *Reeves case*, upon deliberate determination, it may be assumed, that a sale of real estate in execution of a judgment recovered against an insane tenant in tail by the State Board of Trustees of the Delaware State Hospital at Farnhurst, for his board and maintenance, care and custody, bars the entail. It was determined that a reasonable construction of the

words "as fully and amply, and for such estate and estates * * * as he, or they, for whose debt, or duty, the same shall be sold, might or could do," meant that the grantee in the sheriff's deed shall take as full, a title to the lands sold, as if the tenant in tail had a fee simple estate in the same, at or before the taking thereof in execution.

When lands of a tenant in tail, living and in possession thereof, are taken in execution, the sheriff sells all the estate therein of the tenant in tail which is an estate of inheritance, and not a mere life estate; and it may reasonably be inferred from the scope and intendment of our statutes, that the legal effect of such sale, followed by the deed of the sheriff, is sufficient to pass a fee simple estate in the lands so sold. The legal effect is the same as a quitclaim deed of the tenant in tail, which being duly acknowledged or proved according to law, is sufficient to bar the entail. A sheriff's deed has the legal effect of a quitclaim deed of the execution debtor. Indeed, in view of the statutes, it seems reasonable to hold that lands, whether held in fee tail, or in fee simple, are precisely on the same footing, in the lifetime of the tenant in tail, as being chargeable with debts; and if lands of a tenant in tail are taken in execution for his debts and are sold therefor in his lifetime, the grantee in the sheriff's deed takes a fee simple estate therein.

The conclusion thus reached is not only in harmony with prior decisions of our courts, but is consistent with public policy and principles of justice. Besides to hold otherwise, at this time, results most likely in unsettling titles to real estate heretofore acquired.

I am of the opinion that when lands of a tenant in tail, in possession, are taken in execution for his debts and sold in his lifetime by the sheriff, the deed of the latter conveying to the grantee therein an estate in fee simple, extinguishes the estate tail and legally bars the remainders. I am, therefore, for the affirmance of the judgment below.