WASHINGTON IRVING BROCKSON,

*vs.*

JAMES E. BROCKSON.

*New Castle, July* 22, 1925.

Franklin Brockson, for complainant.
Walter J. Willis, for defendant.

THE CHANCELLOR. The first question...

*Franklin Brockson*, for complainant.
*Walter J. Willis*, for defendant.

THE CHANCELLOR. The first question to be determined is, what was the nature of the estate given to the complainant by his grandfather upon his reaching the age of thirty years? That it was an estate in fee tail seems to admit of no doubt. The language is

"to him and the heirs of his body lawfully begotten free and discharged of all trusts." These are technical words which, standing alone and uncolored by the context, the law always understands as words of limitation defining the quantity of the estate. There is nothing in the will which can give to them any meaning other than what their legal signification imports, viz., that an estate tail is intended. The preceding disposition of a life estate to the widow and then to a trustee in trust until the grandson reaches the age of thirty, in no wise alters or shades the meaning of these words. The gift to the grandson is a contingent one. It is not in *præsenti*. He is not to receive the devise unless he lives to be thirty years of age, "at which time," says the testator, "I give and devise the same to him and the heirs of his body lawfully begotten free and discharged of all trusts." Time here is annexed to the substance of the devise, and there is no vesting until the named event arrives. *Conwell's Adm'r. v. Heavilo's. Adm'r.*, 5 *Har.* 296; *Blackstone v. Chandler, et al., ante p, 1.* The complainant met the condition by arriving at the designated age. Immediately an estate tail in the farm vested in him.

The subsequent dispositions are in no wise inconsistent with this conclusion. The first subsequent disposition is in case the grandson should die before reaching thirty years of age leaving heirs of his body. In that case the land was to go to "said heirs of his body in fee simple." The complainant contends that if this contingency had occurred, the heirs of the grandson's body would have taken only an estate tail, the words "in fee simple" being superadded words which are to be disregarded as of no significance. It is not necessary to pass on this point, because the case put by the contingency has not and cannot arrive. It is sufficient to say that if the words "in fee simple" are to be rejected and in the contingency mentioned the remainder to "the heirs of his body" is consequently a remainder in tail, it goes only to strengthen the view that the limitation to the ancestor of these heirs of the body, the grandson, took what the previous language clearly and positively indicate, viz., a like estate in tail. If on the other hand, the words "in fee simple" are not to be rejected, then the remainder over to the grandson's heirs of the body would be to them in fee. Granting this, yet I can gather nothing therefrom as throwing

light on the meaning of the words which in the prior disposition gave a fee tail to the grandson to the extent of restraining their full legal import. This is so, if for no other reason, because the gift to the "heirs of his body" is only in case the grandson dies before reaching the age of thirty. He takes nothing until reaching that age. The heirs of his body take as remaindermen only in case he does not reach the prescribed age. The gift to the latter, therefore, is clearly substitutional, its enjoyment being dependent upon their existence in case their father dies before reaching thirty years. After that time they have nothing as purchasers, their rights to the land, if ever any, accruing to them only as heirs of the body if their father should subsequently die in possession of the entailed estate. Suppose the "heirs of his body" would take a fee-simple estate in case the grandson died before reaching thirty leaving such heirs—what of it? Can it have any argumentative effect upon the nature of the estate in tail previously given? I think not, the devise being substitutional. But if so, it surely can be nothing more than to argue for a fee simple in the father rather than a fee tail; and this argumentative inference can be of no aid to the defendant, whose desire is to acquire from the complainant just such a fee-simple title.

There is yet another limitation over of the devised premises. This appears in the last clause of the will, wherein it is provided that if the grandson "should die either before or after attaining the age of thirty years without heirs of his body, * * * then I give and devise the same to my two sons, * * * share and share alike as tenants in common and their heirs forever." The effect of this provision is to provide for the death of the grandson at any time without heirs of his body. Here an indefinite failure of issue is contemplated. The final limitation over, therefore, is after an estate tail. Thus the original idea of an estate tail in the grandson finds further recognition in the last and final clause of the devise.

It being clear that the complainant possessed an estate tail upon his reaching the age of thirty, and it being admitted that he took proper steps to bar it under the statute, it follows that he is capable of passing a fee-simple title to the defendant. His recourse to the provisions of the statute concerning the barring of entails,

bars not only the subsequent rights of his own issue, but as well the limitations over to the remaindermen. *In re Reeves*, 10 *Del. Ch.* 483, 94 *A.* 511; *Hazzard v. Hazzard*, 5 *Boyce*, 502, 94 *A.* 905; *Hazzard v. Hazzard*, 6 *Boyce*, 91, 97 *A.* 233.

Let a decree be prepared accordingly.