MARIA COLLINS,

*vs.*

JAMES A. SERVERSON.

*Kent, Sept. T.* 1864.

A trustee having a discretion as to the time and amount of payments to be made of a trust fund for the benefit of a married woman, his refusal to make any payment is a breach of trust, against which the court will relieve.

BILL AGAINST A TRUSTEE FOR ENFORCEMENT OF THE TRUST AND SECURITY :—Deborah Layton by her will devised the residue of her estate to her executors, in trust for the benefit of her daughter, Maria Collins, a married woman. The trustees were invested with the discretion to pay the money to Mrs. Collins, from time .to time, to secure or advance her comfort, the declared object of the trust being to secure the fund against the control of her husband. The trustees were empowered to bring the money into the Orphans Court, to be invested under the direction of the Court. There was a clear residue of the estate of testatrix of $1544.45, which came to the hands of the defendant as the sole executor and trustee, the other executor named in the will having renounced.

The bill charged that no part of the trust fund had been applied by the defendant to its purposes, either by paying it to Mrs. Collins, or by bringing it into the Orphans Court. It further charged that the fund 'was held upon no security other than the testamentary bond given by the defendant upon his appointment as executor, which was alleged to be inadequate. *Prayer*, that the defendant be decreed to give security for the fund, and to execute the trust.

The answer admitted the trust and the receipt of the fund by the defendant, but denied that he was abusing the trust or endangering the fund. It insisted that the testatrix had entrusted the money to him without requiring security, and with a discretion to judge what part of it he should pay to Mrs. Collins; that, therefore, there was no case for the interference of this Court.

*E. S. Reed and E. Ridgely*, for the complainant.

*J. P. Comegys*, for the defendant.

HARRINGTON, CHANCELLOR.—I am in some doubt whether the complainant has made out a sufficient case of insecurity of the fund to warrant the interposition of the Chancellor on that ground alone. But there has been a failure to execute the trust; and against that the Court will relieve. The trustee is bound to apply the money to the purpose of the trust, *i. e.*, the benefit of Mrs. Collins. It is true that the *time and amount* of the payments are in the discretion of the trustee, subject to the order of this Court; but to refuse or neglect altogether to pay her is practically to annul the trust. The Court will not permit that. The defendant must do what the will directs, or there must be another trustee. It appears that he has not executed the trust nor commenced to do it. He has neither made any payment to Mrs. Collins, nor deposited the fund in the Orphans Court under the direction of the will.

Let a decree be entered that the defendant pay to the complainant, within thirty days, the accrued interest on the trust fund, or that he deposit the same in the Orphans Court; and that upon default he be removed from the trust; also that he pay the costs.