WILMINGTON TRUST COMPANY,

*vs.*

ELIZABETH VAUGHAN JACOBS

*New Castle, July* 5, 1910.

Testator gave his estate to his executor as trustee for his wife and child, and directed that the income be paid to his wife, for herself and child, until she should remarry, and then the income was to be used for the child alone.  Upon the remarriage of the wife, her interest in the estate ceased.  If the wife should die before the daughter, the duty to expend the income for the child devolved on the trustee, who was limited to the expenditure of the income until the daughter should attain thirty years of age, whether married or not.  If at thirty years of age she was unmarried, the whole principal should be paid to her; but, if married to a husband whose moral character and business ability should be approved by the trustee, he should pay over to her such part of the principal as his judgment should approve, and in any event, after her marriage and attaining thirty years of age, the trustee was to pay to her part of the principal to

meet necessities for which the income was inadequate. The executor appointed by the will was mentioned by name only twice in the will. *Held*, that the discretionary powers vested in the trustee survived to his successors, and therefore, on the remarriage of testator's widow, the resignation of the original executor, and the appointment of a successor as trustee, the child, on arriving at the age of twenty-one years, and not having attained thirty years of age, would not be entitled to receive the principal of the estate.

Discretionary powers annexed to the office of trustee and intended to form an integral part of it, will survive to a trustee succeeding the original trustee; but it is otherwise where the powers are arbitrary and independent of the trust, and not an integral part of it, for the discretion would then be personal.

BILL FOR INSTRUCTIONS BY A TRUSTEE. The bill alleged that William Holland Jacobs died January 26th, 1891, leaving to survive him a widow, Jennie K. Jacobs, and one child, Elizabeth Vaughan Jacobs, the defendant, and in his lifetime made his will, which was duly proved before the Register of Wills for New Castle County. In and by the said will, the testator, after directing that all of his just debts be paid, gave the residue and remainder of his estate to his wife, Jennie K. Jacobs, on the following conditions:

"First. That the said Jennie K. Jacobs shall not marry again, and if she shall remarry, then she is to forfeit all rights and emoluments conveyed by this will, and shall have no part, parcel or share in my estate.

"Second. That the said Jennie K. Jacobs shall properly and carefully feed, clothe, care for and educate our child and heir, Elizabeth Vaughan Jacobs, and other children, should such be born to us, and for this service said Jennie K. Jacobs shall make no charge against my estate.

"Third. That said Jennie K. Jacobs shall not spend a sum greater than the annual income from said estate, unless by some unforseen misfortune the net income at any time should be less than five hundred dollars annually, in which case she shall be at liberty to draw upon my executor for a sum not exceeding two hundred dollars additional for that year.

"Fourth. In the event that my wife, Jennie K. Jacobs, should die before our daughter, Elizabeth Vaughan Jacobs, it is my desire and will that my executor shall care for and educate her and allow her such part

of the income from my estate as in his judgment is necessary for her comfort, and such surplus income as shall not be required for her present comfort shall be added to the principal estate and invested for her. In no case shall she be allowed the full income from said estate until she is thirty years of age. But this shall not prevent my executor from paying out to her, or for her, the full income for any year before that time, if, in his judgment, her education, health or welfare demands its full expenditure. This limitation as to age is to apply with equal force whether my daughter marries or remains a maiden. My executor is to exercise this discretionary power for her until she is full thirty years of age. If at thirty years of age she has remained unmarried, my executor shall pay unto her all the estate remaining in his hands. If at thirty years of age she is married, my executor shall pay to her the full net income from my estate annually, or if her husband be a man whose moral character and business ability is approved by my executor, my executor shall pay over to Elizabeth Vaughan Jacobs such part of my estate as his judgment may approve. Paying to her annually the income arising from the residue in his hands or paying over the residue in installments as his judgment shall decide. If in any year the income shall not be sufficient for her welfare then my executor shall advance a sufficient amount from the principal estate to meet the necessity.

"Furthermore, it is my will and my desire that my daughter, Elizabeth Vaughan Jacobs, consult fully and freely with her uncle, Vaughan Smith Collins, in all matters of importance, especially in regards to investments and matrimony."

The testator further directed that the provisions contained in articles second and third of his will should apply to any children that might be born after the making of said will, and appointed the said Vaughan Smith Collins executor of his will, with power to sell the real and personal estate and re-invest the proceeds thereof in good interest bearing securities. The bill further alleged that the said Vaughan Smith Collins was appointed executor of said will and administered the estate and executed the trusts created by the will until February 17th, 1901, at which time he resigned, and the said Jennie K. Jacobs, who on February 3d, 1892, intermarried with one Oscar L. Martin, was appointed trustee in the place of the said Vaughan Smith Collins; that the said Jennie K. Martin acted as such trustee until April 7th, 1909, when she was removed by order of the Chancellor, and the complainant, Wilmington Trust Company, was appointed trustee under said will.

It is also alleged that the defendant claims, that by the intermarriage of her mother with the said Oscar L. Martin, she forfeited all rights and emoluments in the estate of the decedent; and that thereupon she, the said Elizabeth Vaughan Jacobs, became entitled to the entire estate absolutely; and demands that said estate be transferred to her, she being over over twenty-one years of age and the only child and heir at law of the said decedent. The bill also sets forth the claim made by the said ElizabethVaughan Jacobs, that the trust supposed to have been created by the fourth section of the will was to take effect only upon the death of her mother, the said Jennie K. Martin; that said supposed trust is void for uncertainty and impossibility of execution; that said trust is largely a personal one reposed in the said Vaughan Smith Collins; and that by his resignation from said trusteeship there remains no one who can be clothed with such discretion and authority.

The prayer of the bill is that the interest of the said Elizabeth Vaughan Jacobs in the trust estate may be ascertained and determined, and that the present trustee may be instructed as to who is entitled to said estate and how said estate is to be held and applied.

The answer admits the allegations of the bill, and the cause was heard on bill and answer.

*Robert Penington*, for complainant.
*Harry Emmons*, for defendant.

THE CHANCELLOR: The present trustee, appointed by the Chancellor, under the will of William Holland Jacobs, has filed a bill for instructions, and the defendant in the bill, the sole beneficiary of the trust, has filed an answer admitting the allegations of the bill. The will is clumsily drawn and contains some inconsistencies, but it reasonably appears to indicate the intentions of the testator to be briefly as follows:

All his estate, after the payment of his debts, he gives to his executor, as trustee, upon an active trust for the benefit of his wife and child. He directs that the estate be invested and

the income paid to his wife, to be by her expended for herself and child until and unless his wife should remarry, and then for the child alone, with certain provisions allowing the trustee to exceed income in case during the life of his wife the income should be less than $500 per annum. Upon the remarriage of his wife her interest in the estate ceased. In case the wife should die before the daughter, the duty to expend the income for the child devolved upon the trustee; he being then limited to the expenditure of the income until the daughter should attain thirty years of age, whether she be married or not. If at thirty years of age she be unmarried, the whole of the principal should then be paid over to her; but if then married, and her husband should be a man whose moral character and busidess ability be approved by the trustee, then the trustee should pay over to her such part of the principal of the trust estate as his judgment should approve, and in any event, after her marriage and attaining thirty years of age, to pay to her part of the principal to meet the necessities for which the income was inadequate.

By the bill and answer it appears that the wife and child survived the testator; that the widow remarried about a year after the death of the testator; that the child has attained twenty-one years of age and is still unmarried. It was agreed by the solicitors that she had not attained the age of thirty years, a fact which was not alleged in the pleadings. The executor settled the estate and was allowed to resign as trustee, and the testator's widow was appointed trustee in his place. Thereafter she was removed, and the present trustee was appointed to her place by the predecessor of the present Chancellor. The only child of the testator, Elizabeth Vaughan Jacobs, the defendant, now claims that the whole of the trust estate should be transferred to her, urging that it belongs to her, and can be withheld from her under the will only by the exercise of a discretionary power given personally to the original trustee, and ·which would not survive to his successor in office, and, as there was no one authorized to exercise the discretion to withhold from her the principal, she was entitled to have it transferred to her absolutely and free of the trust. By its bill

the trustee asks for instructions as to this demand on the part of the beneficiary.

The questions now raised are, first, whether Elizabeth Vaughan Jacobs is now entitled to the trust estate, principal as well as income; and, secondly, whether the powers and duties presently to be exercised by the trustee named in the will, Vaughan Smith Collins, survived to his successors after he relinquished administration of the trust. The rule seems to be that such discretionary powers as are annexed to the office of trustee and are intended to form an integral part of it will survive to a trustee succeeding the original trustee; but it is otherwise where the powers are arbitrary and independent of the trust, and not an integral part of it, such as where a trustee has power to divert property into a different channel, for then the discretion would be personal and not annexed to the office or estate. 2 *Perry on Trusts*, § 505, and cases there cited.

In this State no direct application of the rule seems to have been made in any reported decision, but in case of *Collins v. Serverson*, 2 *Del. Ch.* 324, where the trustee was directed by the will to pay money to the testator's daughter from time to time, to secure or advance her comfort, and had neither invested nor paid over any part of the fund, Chancellor Harrington said: "It is true that the time and amount of the payments are in the discretion of the trustee, subject to the order of this Court; but to refuse or neglect altogether to pay her is practically to annul the trust. The Court will not permit that. The defendant (the trustee) must do what the will directs, or there must be another trustee." The facts in this reported case do not appear fully; but it is evidently a case with full discretionary power given to the trustee as such, and the Chancellor evidently regarded it to be within his power and a proper case to appoint a new trustee to execute this discretion in case the testamentary trustee neglected or refused to exercise it. To this extent this case supports the rule in this State.

A careful examination of the will of William Holland Jacobs shows with great clearness that the discretion now to be exercised by the trustee was attached to the office of trustee, and

was not personal to Vaughn Smith Collins.   His name is mentioned only twice in the will; once when the testator expresses a wish that his daughter consult him (Vaughan Smith Collins) "in all matters of importance, and especially in regard to investments and matrimony," and again when he is named as "executor of my estate and administrator of my will."   It is perfectly clear that the testator used the word "executor" to mean "trustee," for he prescribed duties to his executor which can only be discharged after the estate is settled by him as executor, and further provides for his compensation for the "after service."

It is very clear, also, that if Vaughan Smith Collins had continued to be trustee until now, he would have no power to transfer the principal of the trust estate to the beneficiary, Elizabeth Vaughan Jacobs, solely for the reason that she has not yet attained the age of thirty years.   It follows necessarily that the present trustee cannot do so, and this Court has no power to so order.   This, also, would seem to be decisive of the particular demand now made by this beneficiary; but it is still insisted by the solicitor for the defendant that the present powers and duties given to the trustee were personal to Vaughan Smith Collins and did not survive to the present trustee.   This claim, however, cannot be sustained.   At present the duties and powers are those common and incident to many trusteeships.   They are to invest and pay over to and for the use of the beneficiary the whole or such part of the income as in the judgment of the trustee her education, health, or welfare demands.   All the powers conferred and duties imposed were placed upon his executor, meaning his trustee, and none upon Vaughan Smith Collins by name.   Indeed, there can be no clearer case of a vesting of discretionary power in the office of trustee and not in the individual appointed trustee than there is in this case.   There is no power to divert the trust estate to any other person or in any other channel than to the testator's daughter.   There is no arbitrary power given, and no powers or duties given or imposed independent of the trust, and the administration of it. · Such powers, though discretionary, survive with the trust estate and vest in the person who

receives the trust estate.   Even if it be admitted that the power to be exercised by the trustee when Elizabeth Vaughan Jacobs reaches thirty years of age were given to Vaughan Smith Collins personally and did not survive to any succeeding trustee, still that does not prove or tend to prove that the powers presently to be exercised by the present trustee while Elizabeth Vaughan Jacobs is less than thirty years of age were personal to Vaughan Smith Collins and did not survive him, so as to be exercised by the present trustee.

It is very clear, therefore, that the beneficiary, Elizabeth Vaughan Jacobs, is not now entitled to have transferred to her the principal of the trust estate, and that at this time all the powers and duties, including the discretionary powers and duties, have devolved upon the present trustee, and can be by it exercised and discharged, and were not personal to Vaughan Smith Collins.   The trustee will be instructed, therefore, to hold the trust estate and property and to administer it according to the provisions of the will of the testator, at least until Elizabeth Vaughan Jacobs attains thirty years of age.   This particular instruction meets the present requirements of the case.

An order will be entered accordingly.

Affirmed by Supreme Court on appeal.   See *post p.* 400.