Anna E. Pierce, Executrix of the Last Will and Testament of
Sarah E. Baggs, deceased,

*vs.*

Benjamin Franklin Collins, Kate F. Primrose, Benjamin
C. Collins, William T. Collins, William N. Jarvis,
Wilhelmina W. Faries, Hilda W. Thompson and Flora W.
Boggs.

*Kent, Dec. 23, 1925.*

*William M. Hope*, for complainant.

*James H. Hughes*, for estate of Charles Wesley Collins.

*James L. Wolcott*, for Franklin Collins.

The Chancellor. The words "in case of Charles' death" refer to his death in the lifetime of the testator. This is in obedience to the general rule referred to in *Wilmington Trust Co. v. Houlehan, ante p.* 84, 131 *A.* 529, and cases therein cited.

There is no language in Mrs. Bagg's will indicating a reference of the legatee's death to any other period, as there was held to be in the will under review in the *Houlehan Case.* It is suggested by the solicitor for Franklin Collins that such other period can be

inferred in this case. The argument is that inasmuch as the houses were not devised to Charles and Franklin but only the money derived from their sale, the testator must have contemplated the event of Charles' death as occurring at any time before the actual division which could not be made until after her death; and that Charles having died before the posthumous fund was in actual existence and capable of division, Franklin and his children, now that the time when it can be divided has arrived, are entitled to Charles' half. This suggestion cannot be accepted. There was an equitable conversion of these houses into money, and the conversion is to be regarded as complete at the moment of Mrs. Baggs' decease. *Re Journey's Estate*, 7 *Del. Ch.* 1, 14, 44 *A.* 795. It is therefore just as though the bequest was of an immediate sum of money. The testatrix fixed no time for a postponed division.

A decree will be entered directing that one-half of the proceeds be paid to Franklin and one-half to the administrator of Charles.