CONSTANCE MOCK and RALPH D. MOCK, her husband,

*vs.*

HARRY GOLDSTEIN.

*New Castle, July* 11, 1931.

*Horace G. Eastburn,* for complainants.

*Bayard W. Allmond,* for defendant.

THE CHANCELLOR: This case involves the construction of an item found in the will of Julius A. Jerome Wynands. The item is as follows:

"I give and devise all the real estate, of which I may be seized or to which I may be entitled at the time of my dealth unto my said wife, Mary Anderson Wynands, for and during the term of her natural life, and at and upon her decease, then I give and devise the said real estate unto my daughter, Marie Constance Wynands, her heirs and assigns forever, provided, however, that if my said daughter shall die without leaving lawful issue surviving her, then and in such event, I give and devise the said real estate unto Laurent Wynands and Theodore Wynands, now attending school at Maestricht, Holland, sons of my Brother, Laurent Wynands, their heirs and assigns forever."

Mary Anderson Wynands predeceased the testator. Marie Victoria Constance Wynands survived him, has since intermarried with Ralph D. Mock, and with her husband joins as complainants in this bill.

The particular question is—what was the nature of the estate devised by the quoted language to Marie Victoria Constance Wynands, now Constance Mock?

The complainants contend that the devise gave to her a fee-simple title. This contention is based on the view that the contingency of her dying "without leaving lawful issue surviving her" is referable for the time of its happening to the lifetime of the testator, and that consequently the gift over to Laurent and Theodore is a purely substitutionary one. If so, argues the solicitor for the complainants, it is plain that the fee-simple estate vested immediately upon the testator's death in his daughter, the present Mrs. Mock, for she did not die during the testator's lifetime and the contingency upon which the substitutionary interest was to vest never has arisen and now never can arise.

This contention is not acceptable. I construe the item as devising to Mrs. Mock a defeasible fee with an executory devise over to Laurent and Theodore in fee. The case is governed by *Delaware Trust Co. v. Elliott, et al.*, 17 *Del. Ch.* 14, 147 *A.* 244. All but two of the cases cited by the complainants in support of their position in this one were considered by me in the *Elliott Case* and there is no occasion to comment further upon them in this opinion. The two cases cited by the complainants and not noticed in the opinion filed in the *Elliott Case* are *In re Reeves*, 10 *Del. Ch.* 324, 92 *A.* 246, and *Pierce, Ex'r., v. Collins, et al.*, 15 *Del. Ch.* 99, 131 *A.* 536. But these two cases have no bearing on the question. The testamentary language in those cases was so different from that employed here that I do not deem it necessary to comment upon them.

The complainants appear to rely with great confidence on *Rickards, et al., v. Gray, et al.*, 6 *Houst.* 232. That case was before the Court of Errors and Appeals of this State. It was there held that the contingency of the death of the first devisee in fee was referable to the lifetime of the testator and that hence the remainders over in fee were substitutionary in character. This is the result which the

complainants seek to have the court reach in this case. But *Rickards v. Gray* does not suggest it. By way of supplement to the comments on the distinguishing considerations which I have taken other occasions to point out as necessary for a correct understanding of the meaning of that case (see *Wilmington Trust Co. v. Houlehan, et al.,* 15 *Del. Ch.* 84, 131 *A.* 529, and *Delaware Trust Co. v. Elliott, et al.,* 17 *Del. Ch.* 14, 147 *A* 244), it is to be noted that the court in the *Rickards Case* pointed out two facts which in its judgment referred to the lifetime of the testator the happening of the contingency and as a result necessitated the holding that a substitutionary character should be given to the devises in remainder. These were first, that the remainders to the testator's brothers were to such as should be living at the time of his death (so the court construed the language); and second, that if the contingencies were referable to any time generally, the remainders over would in one event at least be defeated entirely because of remoteness, a result, the court in substance said, which was contrary to the intent of the testator. No language of that nature or similar to it is found in the will before me. The result in *Rickards v. Gray* therefore is deduced from a premise which finds no counterpart in this case.

It is interesting to observe further with respect to *Rickards v. Gray,* that at one point in the opinion (*pages* 251-252 of 6 *Houst.*) the Chancellor states what his conclusion would have been had the devise been in substance as follows: To my daughter Caroline and her heirs, but if she should die leaving no issue to survive her then to my daughter Ratie and her heirs. Now a devise of that sort is exactly the kind of devise the present case presents for construction. The Chancellor said that had the devise stopped at that point, "there can be no doubt that Caroline, instead of taking a fee absolute in the real estate devised as to her, would have taken a fee defeasible, and that Ratie would have become entitled to the part devised to Caroline, or to an estate or interest therein, by way of executory

devise, which would have become an estate in possession in Ratie, upon the death of Caroline without leaving issue to survive her."

Thus *Rickards v. Gray*, relied on by the complainants, contains within itself a refutation of the construction contended for by them in the instant case.

I conclude that the complainants cannot convey a good marketable title in fee simple. They have only a defeasible fee subject to an executory devise over in fee to remaindermen.

The bill will be dismissed.