JAMES M. SATTERFIELD, Executor Under the Last Wil and Testament of Katherine Collins Ready,

*vs.*

JOHN BEGLEY, JOHN DONOHUE, RAYMOND DONOHUE, VINCENT DONOHUE, NICHOLAS DONOHUE, NORMAN DONOHUE, LEO DONOHUE, MARY DONOHUE, ANNA M. WHARTON.

*Kent, July* 13, 1945.

*Howard E. Lynch, Jr.,* for complainant.

*Max Terry,* for John Donohue, Raymond Donohue, Vincent Donohue, Nicholas Donohue, Norman Donohue, Leo Donohue and Mary Donohue.

*Joseph A. L. Errigo,* for John Begley.

*John B. Hutton,* for Anna M. Wharton.

HARRINGTON, Chancellor: The last will and testament of Katherine Collins Ready, of Dover, who died September 23rd, 1942, in part, provides:

"Item II. I give and bequeath unto Father Joseph A. Lee, Pastor of Holy Cross Catholic Church of Dover, or to such other person as may be his successor as pastor of said Church, the sum of Fifty Dollars ($50) absolutely, to be used for masses.

"Item III. I give and bequeath to Holy Cross Roman Catholic Church of Dover, Delaware, the sum of Two Hundred Dollars ($200) in trust, to be by it, or the Governing Body of said Church, perpetually invested, and the net income thereof to be paid annually to such priest as may be in charge of said Church, to be by him used for the upkeep of the Collins cemetery lot in Holy Cross Cemetery, Dover, Delaware.

\* \* \* \* \* \*

"Item XIII. I give, devise and bequeath unto Dennis Begley, of 109 Jackson Street, Wilmington, Delaware, the sum of Five Hundred Dollars ($500) absolutely, to be disbursed by him for the use of himself and for the benefit, care and maintenance of his two aged brothers, John Begley and William Begley, who make their home with him, and I do hereby order and direct my Executor to pay the aforesaid amount out of my estate."

By Item XIV the testatrix devised certain real estate to Anna M. Wharton "in trust" for her daughter, and spe-

cifically sets out the duties of the trustee with respect to both the property and the net income therefrom.

By Item XV the testatrix directs her executor to sell the rest, residue and remainder of her real and personal property, and to divide the proceeds equally among the following persons: John Donohue, Raymond Donohue, Vincent Donohue, Nicholas Donohue, Norman Donohue, Leo Donohue, Mary Donohue and Anna M. Wharton.

Dennis Begley predeceased the testatrix and left no issue to survive him. William Begley also died during the lifetime of the testatrix, but John Begley is still living.

The instructions sought by the complainant, the executor of the will of the deceased, are whether the bequest of $500 contained in Item XIII shall "be paid to the residuary legatees, or all or a part thereof to the said John Begley, or all or a part thereof to a trustee to be named for the benefit, care and maintenance of the said John Begley."

The intent of the testator is the controlling factor in construing a will, and when an intent to create a trust clearly and unequivocally appears, the failure to use the customary technical words is unimportant. *Tippett v. Tippett,* 24 *Del. Ch.* 115, 7 *A.2d* 612; *Delaware Trust Co. v. Fitz-Maurice, ante p.* 1 55, 38 *A. 2d* 925; *Roberts v. Downs, ante p.* 293, 42 *A. 2d* 315. In appropriate cases, such an intent may be indicated by the rights given and the obligations imposed on a legatee (*Id.;* 69 *C. J.* 747; 33 *Hals. Laws of Eng.,* 2d ed. 89); but an imperative direction with respect to the use of the legacy, and not a mere statement of the motive for the gift, is essential in order for a trust to be implied. *Lewin on Trusts,* (13th ed.) 100; *Perry on Trusts,* (7th ed. § 117; *Thompson on Wills,* §§ 420, 422. Moreover, in modern times trusts by implication are not particularly favored by the courts. *Lewin on Trusts, supra; Wilmington Trust Co. v. Pryor,* 26, *Del. Ch.* 191, 25 *A.2d* 685; *In re Hill, L. R.,* (1923) 2 *Ch.* 259.

The bequest of $500 was to Dennis Begley absolutely,

but by the express direction of the testatrix it was "to be disbursed by him for the use of himself and for the benefit, care and maintenance of his two aged brothers, John Begley and William Begley, who make their home with him." The reasonable inference, therefore, is that a trust for the family use was intended. See *Scott on Trusts*, §§ 25.3; 127.3; 161; *Johnson v. Johnson*, 215 *Mass.* 276, 102 *N. E.* 465.

The context shows that the use of the word "absolutely" in Item XIII merely defines the extent of the legal interest to be taken by the legatee, and is not inconsistent with this conclusion. Had Dennis Begley survived the testatrix, he would have had a limited discretion with respect to the disbursement of the funds from time to time for the purposes intended, but his acts would have been subject to the reasonable supervision of this court. 2 *Alexander on Wills*, § 1102; *Hawkins on Wills*, 164, 166 *note*.

Whether a trust be express or implied, one of several beneficiaries may be the sole trustee. *Johnson v Johnson, supra;* 1 *Scott on Trusts*, § 99.3; 5 *Pomeroy's Eq. Jur.*, (5th ed.) § 987 c. Furthermore, the fact that the intended trustee predeceased the testatrix is unimportant, as a trust will never fail for the lack of a trustee. *Griffith v. State*, 2 *Del. Ch.* 421.

The bequest was not to Dennis Begley for his own use and to enable him to care for his aged brothers. *Loring v. Loring*, 100 *Mass.* 340; *Lewin on Trusts*, (13th ed.) 100; *Hawkins on Wills*, 166. The early cases usually implied a trust when a bequest was to a person for his own use and benefit and the maintenance and education of his children, or when similar language was used. *Longmore v. Elcum*, 63 *Eng. Repr.* 160; *Raikes v. Ward*, 66 *Eng. Repr.* 1106; *Johnson v. Johnson, supra; Lewin on Trusts*, 101; *Perry on Trusts, supra.*

Some of the legatees claim, however, that a number of the recent cases have refused to imply that relation under

similar provisions (*Thompson on Wills*, § 420; *In re Hill supra*) ; but, in view of the emphatic language used by the testatrix, it seems unnecessary to consider them.

Conceding that Katherine Collins Ready used technical language in other bequests and devises in trust, it does not follow that the bequest in Item XIII was not intended to be of that nature. She did not use the ordinary technical language in Item II, but it would seem that a trust was intended. See *Delaware Trust Co. v. FitzMaurice*, 27 *Del. Ch.* 101, 31 *A. 2d* 383; 69 *C.J.* 747.

Some of the provisions of Item XIII never became effective as John Begley alone survived the testatrix, but as no one was entitled to any particular portion of the bequest, no part of it lapsed, and the entire fund must be used, from time to time, for his benefit, care and maintenance.[1] On application, a trustee will be appointed to receive and administer the entire fund.

A decree will be entered accordingly.

---

[1] See *Wilmington Trust Co. v. Jacobs*, 9 *Del. Ch.* 77, 77 *A.* 78; *Id.*, 9 *Del. Ch.* 400, 80 *A.* 346; *Scott on Trusts*, 196.