JOSEPH DONALD CRAVEN and MARY B. WENTZ, Executors of the Last Will and Testament of Grace L. Wentz, deceased,

*vs.*

WILMINGTON TEACHERS ASSOCIATION, an unincorporated association of persons, transacting business in the State of Delaware, using a common name, and not being an ordinary partnership, and ELIZABETH C. BACON, President, Wilmington Teachers Association.

*New Castle, May 28, 1946.*

*Joseph Donald Craven,* for complainants.

*Henry W. Bryan,* of the office of Hering, Morris, James & Hitchens, for defendants.

SEITZ, Vice-Chancellor: This is a bill to determine whether certain property was willed absolutely or in trust.

Grace L. Wentz died testate on December 2, 1944, naming Joseph Donald Craven and Mary B. Wentz as executors. Thereafter, those executors filed a bill asking for a construction of certain portions of the will and joining as defendants the Wilmington Teachers Association, an unincorporated association, and its president, Elizabeth C. Bacon.

The request for instructions centers around Items Twentieth and Twenty-Third of the will which provide as follows:

"TWENTIETH: I give and bequeath the property at 219 West Sixteenth Street, Wilmington, to Mary B. Wentz for and during the term of her natural life. At her death, I order and direct that the

said property be sold and the proceeds thereof divided equally between the Board of Trustees of Hanover Church and the Wilmington Teachers Association or its successors.

"It is my desire that the aforesaid bequests to the Wilmington Teachers Association be held in trust by the said Association for the benefit of such indigent retired teachers who may require assistance. However, it is my wish that no retired teacher benefit from such fund in an amount in excess of Five Hundred Dollars ($500.00).

"TWENTY-THIRD: I give and bequeath all the contents of my Montrose property, with the exception of the paintings above mentioned, to Mrs. Edward P. Little.

"All the rest, residue and remainder of my estate of whatsoever nature and wheresoever situated, I authorize and direct my Executors to sell as soon after my death as may be convenient, and divide the proceeds thereof between the Board of Trustees of Hanover Church and the governing body of the Wilmington Teachers Association or its successors, for the purpose heretofore mentioned."

The bill reveals that the complainant, Mary B. Wentz, who is the same person as is named in Item Twentieth of the will, has possession of the property mentioned therein. The bill further shows that complainants have $960.03, representing one-half of the residuary estate, which the defendant Wilmington Teachers Association has refused to accept although it is designated to receive one-half of the residuary estate by the residuary clause of the will (Item Twenty-Third). No reason for the defendant Association's refusal is given in its answer which admits all the allegations of the bill and joins in the prayers thereof. It is apparent, however, that the refusal is based on the desire of the defendants to be judicially instructed as to whether the Association will receive such money outright, or in trust, and if in trust, the terms thereof.

Because Item Twenty-Third clearly refers to Item Twentieth by the use of the words "for the purpose heretofore mentioned," it seems to me that I must also decide now whether, upon the death of the complainant Mary B. Wentz, the defendant Association will receive the proceeds from the sale of the property mentioned in Item Twentieth outright or in trust.

The parties have been advised that, as the proceeding now stands, I shall not decide the right of any one, whether a party hereto or otherwise, with respect to the subject matter of Item Nineteenth of the will dealing with certain furniture.

The parties have also assumed, and properly so, that under Item Twentieth Mary B. Wentz has only a life interest in the property at 219 W. 16th St. It is the legal status of one-half of the proceeds of the sale of the property upon her death that causes us concern here.

I must now decide: (1) whether the share of the proceeds of the sale of the 219 W. 16th property taken by the Wilmington Teachers Association or its successors is to be received by such body without limitation, or in trust, and (2) whether the share of the residuary estate taken by the Association pursuant to Item Twenty-Third is to be received without limitation, or in trust.

Complainants contend that the property mentioned in Items Twentieth and Twenty-Third "constitute outright gifts," while defendants urge that it may have been given in trust in which event Wilmington Teachers Association— being an unincorporated association—would be unable to accept the property as trustee. More important as I see it, is the fact that as donee of a gift the Association could deal with the property as it saw fit, while as trustee it could not.

Does Wilmington Teachers Association take a remainder without limitation under Item Twentieth as to one-half of the proceeds of the sale of 219 W. 16th St., or does it take such money in trust? Because Item Twenty-Third by virtue of the language used therein must, in my opinion, be controlled by the language of Item Twentieth, it is apparent that the conclusion as to the proper construction of Item Twentieth will control in determining the effect of Item Twenty-Third.

Item Twentieth provides that at the death of the life tenant, Mary B. Wentz,

"I order and direct that the said property be sold and the proceeds thereof divided equally between the Board of Trustees of Hanover Church and the Wilmington Teachers Association or its successors."

Standing alone, this language constitutes an absolute gift of the remainder interest because there is no limitation on the direction to divide the proceeds between the Church and the Association. See *Grant, et al., v. Mullin, et al.,* 15 *Del. Ch.* 174, 138 *A.* 613.

In the next paragraph of the same item, we find the language which rendered the filing of this bill necessary. It reads:

"It is my desire that the aforesaid bequests to the Wilmington Teachers Association be held in trust by the said Association for the benefit of such indigent retired teachers who may require assistance. However, it is my wish that no retired teacher benefit from such fund in an amount in excess of Five Hundred Dollars ($500.00)."

Let us examine the quoted language, having in mind the prior provisions which to all intents and purposes gave the remainder interest absolutely. The testatrix says it is her "desire" that the "aforesaid bequests" be held in trust for indigent retired teachers. She adds that it is her "wish" that no retired teacher receive more than $500 from the fund.

The use of precatory words like "desire" and "wish" are nowadays generally construed to have no legal effect in the absence of strong supporting language elsewhere in the particular instrument involved.

As the court said in *Bryan v. Milby,* 6 *Del. Ch.* 208, 264, 24 *A.* 333, 334, 13 *L.R.A.* 563:

"The tendency of modern decisions, however, is, not to extend the rule or practice, which from words of doubtful meaning, deduces or implies a trust." See *Wilmington Trust Co. v. Pryor,* 26 *Del. Ch.* 191, 25 *A.* 2d 685; *Cooke v. King,* 154 *Or.* 621, 61 *P.* 2d 429, 62 *P.* 2d 20, 107 *A.L.R.* 896.

One rule of construction adopted in this state which can be used to determine whether or not a trust was created is set forth in the case of *James, Administrator v. James, et al.,* 16 *Del. Ch.* 34, 36, 139 *A.* 787, 788, where the Chancellor said:

"* * * the general rule of construction is applicable by which an absolute estate given in one part of a will in clear and decisive terms, cannot be cut down or limited to a lesser estate by subsequent provisions of the will unless the part providing for the lesser estate is expressed in as clear and decisive language as the part giving the estate in fee."

Accord: *Lewis, et al. v. Novello,* 22 *Del. Ch.* 134, 194 *A.* 29; *National Bank of Smyrna, Ex'r., v. Ireland, et al.,* 19 *Del. Ch.* 76, 162 *A.* 54; *Jamison, et al., v. Craven, et al.,* 4 *Del. Ch.* 311.

Is the absolute estate given by the first paragraph of Item Twentieth cut down or limited by language elsewhere in the will expressed in as clear and decisive a manner as that giving the estate? The answer to the question posed requires a determination of the legal effect of the following language used by the testatrix:

"It is my desire that the aforesaid bequests to the Wilmington Teachers Association be held in trust by the said Association for the benefit of such indigent retired teachers who may require assistance."

Did the testatrix intend to create a trust, or did she intend to make a gift? Obviously, no magic word formula is required to create a trust, *Satterfield v. Begley,* 28 *Del. Ch.* 336, 43 *A.* 2*d* 246, so that to label certain words as precatory and to conclude therefrom that no trust was intended seems an unwarrantably narrow approach where one is seeking to ascertain intent. The more desirable approach, as I view it, is to examine the whole document and to decide from all the language thereof whether there is substantial evidence that a trust was intended. If such examination leaves the matter in substantial doubt, it should generally be resolved against a finding that a trust was intended, based

on a policy preferring outright gifts to trusts. This is especially true where a trust is alleged to have been created by words of doubtful meaning. *Bryan v. Milby, supra.*

An examination of the remainder of the will sheds no particular light on the intent of the testatrix with respect to the items here involved. I conclude, however, that by the language used the testatrix did intend to create a trust. This conclusion may be somewhat of an *ipsedixit,* but it is based on what I feel the testatrix intended by the language employed. While the testatrix used such words as "desire" and "wish", she accompanied them with language of trust, so that along with the expression of purpose they tend to show that a trust was contemplated.

It may be noted that the proceeds were to be used for indigent retired teachers. Certainly the classification of the beneficiaries is consistent with the idea of a charitable trust. Moreover, the testatrix divided the proceeds between the church and the association, yet she only saw fit to use language sounding in trust with respect to the interest passing to the association. This is some slight evidence that she intentionally differentiated between a gift and a trust. Finally, the testatrix wanted the money to go to indigent retired teachers and she could be assured of the effectuation of her intent only by the creation of a trust because, obviously, if she made a gift to the association, the purposes for which it could be expended would not be limited to the assistance of indigent retired teachers.

Therefore, because the language of the second paragraph of Item Twentieth is as clear as that of the first paragraph with respect to the intent of the testatrix, I conclude that the testatrix intended to create a charitable trust as to the share of the proceeds which the association was designated to receive from the sale of the real estate upon the death of the life tenant. The same conclusion applies with respect to the share of the residuary estate which the association was named to receive.

Having concluded that the testatrix intended to create a trust, I must now decide whether the intended trust is otherwise objectionable.

Because of the purpose and object of the trust, I conclude that it is valid as a charitable trust. See *Trustees of New Castle Common v. Megginson*, 1 *Boyce* 361, 77 *A*. 565, *Ann. Cas.* 1914A, 1207; 3 *Scott on Trusts*, § 375.2. Moreover, I believe its objects and beneficiaries are sufficiently definite. 4 *Pomeroy's Equity Jurisprudence*, (5th *Ed.*) § 1025.

Because the Association, being unincorporated, cannot act as trustee, 3 *Scott on Trusts*, § 388, the court will, on application, appoint a trustee who will administer the trust as though appointed such by the testatrix. In order that the purpose of the trust may be accomplished as nearly as possible, the court will appoint as trustee a person who is closely connected with the Association. See 4 *Pomeroy's Equity Jurisprudence*, § 1026.

Generally, the terms of the trust are as follows: (1) It shall be administered for the benefit of indigent retired teachers who may, in the opinion of the trustee, require assistance. Such beneficiaries need not be members of the association; (2) The trustee possesses the power, if he deems it advisable, to expend principal; (3) The trustee may, if he sees fit, expend more than $500 on any one beneficiary. The expressed wish of the testatrix that not more than $500 be spent on any one beneficiary is not sufficiently positive to constitute a term of the trust. It is no more than a request which the trustee may consider if he sees fit.

A decree accordingly will be advised.