ANNA NAOMI CACCAMO v. DELEMA W. BANNING.

(*July* 25, 1950.)

WOLCOTT, J., sitting.

*Isaac D. Short, 2nd,* for the plaintiff.

*James M. Tunnell, Sr.,* for the defendant.

Superior Court for Sussex County, No. 176, Civil Action, 1950.

WOLCOTT, J.

Benjamin F. Potter, by his will, devised certain real estate to his wife for and during the term of her natural life and, upon her death, devised "all the same over unto my granddaughter,

Anna Naomi Coverdale, in fee simple and absolutely forever; but in case the said Anna Naomi Coverdale should die without leaving lawful issue of her body begotten then and in that case I give, devise and bequeath all the same over unto" the children of William B. Potter in fee simple. By the codicil to his will, the testator added an additional person to the case of ultimate devisees.

Anna E. Potter, the widow of the testator, is now deceased.

Anna Naomi Coverdale, having intermarried with Carmen Caccamo, purported to bar the estate tail devised her by the terms of the will of Benjamin F. Potter, deceased, pursuant to Section 3698, R. C. 1935.

Thereafter, on April 29, 1950, Anna Naomi Caccamo, at public auction, sold the lands in question to Delema W. Banning, the defendant, who was the high bidder, for the price of $2,025. The defendant paid to the plaintiff the sum of $405 and agreed to pay the balance of the purchase price on June 3, 1950 in exchange for a deed conveying good and sufficient title.

On June 3, 1950, the plaintiff tendered to the defendant a deed duly executed purporting to convey a fee simple title to the lands in question to the defendant, who declined to accept the deed and to pay the balance due on the ground that the plaintiff could not convey a good fee simple and marketable title to the lands in question.

It is agreed by the parties that if the plaintiff became seized of a fee simple estate in the lands in question under the will of Benjamin F. Potter or, if she became seized of an estate tail under the provisions of said will, and if that estate were barred, then judgment shall be entered in favor of the plaintiff and against the defendant for the sum of $1,620, but if the Court should not so find, then judgment should be entered in favor of the defendant and against the plaintiff for the sum of $405.

The case stated requires a construction of the provisions of Item I of the will of Benjamin F. Potter which have been quoted in part above.

The plaintiff contends that the effect of the provisions of Item I of the will was to devise a fee tail to the plaintiff and that, hav-

ing by proper steps barred the fee tail, the plaintiff is able to convey a good fee simple marketable title to the defendant.

The defendant, on the other hand, contends that the proper construction to be placed on Item I of the will is that the plaintiff was devised a fee simple interest in the lands in question subject to being defeated if she should die without leaving a lineal descendant to survive her. In other words, the defendant contends that the phrase "die without leaving lawful issue" relates solely to the time of the death of the plaintiff and is, accordingly, a definite rather than indefinite failure of issue.

It is well settled by a long line of decisions that at common law a gift of A for life, and, upon his death, to the heirs of his body or his issue, was a gift of a fee tail. By a number of decisions, this rule has been consistently followed in this State. Similarly, in *Roach v. Martin's Lessee,* 1 *Harr.* 548, 28 *Am.Dec.* 746, a gift to A and her heirs forever, "except she should die without heir born of her own body", with a remainder in that event over to B, was held to create an estate tail in A with a vested remainder in B. See, also, *Caulk's Lessee v. Caulk,* 3 *Penn.* 528, 52 *A.* 340; *Hollett's Lessee v. Pope,* 3 *Harr.* 542; *Doc ex dem. McColley v. Lampleugh,* 3 *Houst.* 461; *Brockson v. Brockson,* 15 *Del. Ch.* 15, 130 *A.* 32; *Schneer v. Greenbaum,* 4 *Boyce* 97, 86 *A.* 107.

In the case at bar, the gift being to the plaintiff absolutely and in fee simple, subject to the provision that in case she died without leaving lawful issue of her body begotten, falls within the scope of the rule in *Roach v. Martin's Lessee* and, unless there is something in the will which evidences an intention to limit the dying without issue to the time of death of the plaintiff, thus making the contingency a definite rather than an indefinite failure of issue, the plaintiff took a fee tail under the will.

The full context of the will and codicil of Benjamin F. Potter does not appear in the case stated, but from that portion of the will which is included in the case stated, I can find nothing to indicate that the testator intended a definite rather than indefinite failure of issue in order for the ultimate gift over to take effect, unless the possible use of the word "leaving" in connection with issue can be said to be a relation of the failure of issue to the

date of death of the plaintiff. However, in *Re Reeves,* 10 *Del.Ch.* 483, 94 A. 511, the Supreme Court construed a will which included a devise to A and the lawful heirs of his body forever, but if he died leaving no lawful issue of his body, then over to another, as having devised an estate tail to A. In that case, the use of the word "leaving" was not sufficient to make the failure of issue definite rather than indefinite. This ruling is controlling and, accordingly, I conclude that the proper construction of the will before me is that it devised a fee tail to the plaintiff and a vested remainder of the reversion to the collateral heirs of the testator.

The plaintiff having conveyed away by deed purporting to convey a fee simple interest, the lands in question and having had them conveyed back to her, is now, by reason of Section 3698, R.C. 1935, seized of a fee simple interest in the lands in question, which coould have been conveyed by her to the defendant on June 3, 1950.

Judgment will be entered for the plaintiff and against the defendant for the sum of $1,620 together with costs.