SAUL HAROLD GOLDBERGER and FRANCES ESTELLE SHORE, Executors under the last will and testament of David Goldberger,

*vs.*

SAUL HAROLD GOLDBERGER, FRANCES ESTELLE SHORE, MICHELE LOIS SHORE, JOSEPH THEODORE SHORE, SAUL SAMUEL SHORE, JOANNE D. GOLDBERGER, and LENORA J. GOLDBERGER.

*New Castle, January 15, 1954.*

*W. Bayard Allmond,* Wilmington, for plaintiffs.

*W. Thomas Knowles,* Wilmington, for defendants Saul Harold Goldberger and Frances Estelle Shore.

*S. Lester Levy,* Wilmington, for defendants Joseph Theodore Shore and Saul Samuel Shore.

*Frank J. Miller,* Wilmington, guardian *ad litem* for defendants Michele Lois Shore, Lenora J. Goldberger and Joanne D. Goldberger, minors.

BRAMHALL, Vice Chancellor: Testator under Item Second of his last will and testament provided as follows:

> "Second: I give, devise and bequeath all my property and estate of whatsoever nature whether real, personal or mixed and wheresoever situate, unto my two beloved children, Saul Harold Goldberger, and Frances Estelle Shore, absolutely and in fee simple, share and share alike; should either of my said children die leaving issue, then the share of such child so dying shall go to his or her issue; should either of my said children die without issue, then the share of the child so dying shall go to the survivor."

Saul Harold Goldberger and Frances Estelle Shore are children of testator. Michele Lois Shore, Joseph Theodore Shore, and Saul

Samuel Shore are children of Frances Estelle Shore. Joanne D. Goldberger and Lenora J. Goldberger are children of Saul Harold Goldberger. Michele Lois Shore, Lenora J. Goldberger and Joanne D. Goldberger are minors and are represented by their guardian *ad litem*.

It will be noted that testator under Item Second of his will gave his estate to his two children, Saul Harold Goldberger and Frances Estelle Shore, "absolutely and in fee simple, share and share alike". In the same item he further provided that should either of said children die "leaving issue", then the share of that child should go to his or her issue. Testator also provided that should either of his children die "without issue" the share of such child should go to the survivor of his two children.

It will be conceded that, standing alone, testator in his gift to his children created, in terms, an absolute fee simple estate. The question is: Is the estate to the two children affected, and, if so, in what manner, by the subsequent clauses in which testator provided for contingencies relating to the death of any child leaving issue and the death of any child without issue.

The cardinal rule in construing a will is to ascertain from its language the intention of the testator. That intention, when found, must prevail unless it runs counter to some positive rule of law. *Farrell v. Faries,* 25 *Del.Ch.* 404, 22 *A.2d* 380; *Carrow v. Thropp,* 29 *Del.Ch.* 201, 48 *A.2d* 379. Here testator has used the words "absolutely and in fee simple". They are technical words, having a definite technical meaning, and in the absence of anything in the will indicating a contrary intention, they will be given their technical meaning. I find in the will no explanatory or qualifying expressions indicating that these words were not used with technical accuracy or that their import is plainly contrary to testator's intention.

In this state, following the common law, a gift to A and her heirs forever, "except she should die without heirs born of her body" with a remainder over in that event to B, creates an estate tail in A with a vested remainder in B. *Caccamo v. Banning,* 6 *Terry 394,* 75 *A.2d* 222; *Caulk's Lessee v. Caulk,* 3 Penna. 528, 52

*A.* 340; *Roach v. Martin's Lessee,* 1 *Harr.* 548, 28 *Am.Dec.* 746. It has also been held in this state that a devise to A and her heirs, but should she die leaving no issue surviving her, then to B and his heirs, created a fee simple defeasible estate. *Mock v. Goldstein,* 18 *Del.Ch.* 71, 156 *A.* 221; *Delaware Trust Co. v. Elliott,* 17 *Del.Ch.* 14, 147 *A.* 244. The decision in the *Caccamo* case as well as other cases cited therein was predicated upon the presumption of an indefinite failure of issue construction. Apparently the decisions in the *Mock* and *Elliott* cases were based upon a definite failure of issue construction.

An indefinite failure of issue means a general failure of issue, that is, a failure of issue whenever it shall happen, even in the remotest generation without any fixed or certain time within which or at the end of which it must happen. *Farrell v. Faries, supra.* I do not have to deal here with any possible presumption that testator intended that an indefinite failure of issue construction should be given to his will because the language of the will clearly shows testator's intention that a definite failure of issue construction should be applied. Even at common law a devise over on the failure of issue may be shown by the context to refer to a definite failure of issue, and in such case the estate created will be a fee simple or a life estate according to the form of the limitation of the devise, without reference to the devise over. *Farrell v. Faries, supra.* The tendency of the courts today is to adopt upon slight indication of intention a construction which refers to words importing a failure of issue to the death of the first taker. *Farrell v. Faries, supra.*

Several provisions of testator's will show a preference for a definite rather than an indefinite failure of issue construction. Any provision of testator's will changing the expressly granted fee simple estate in the first taker to a lesser estate would have to be at least as clear as the provision creating the fee simple estate. *James, Administrator v. James,* 16 *Del.Ch.* 34, 36, 139 *A.* 787, 788; *Craven v. Wilmington Teachers Association,* 29 *Del.Ch.* 180, 47 *A.2d* 580; *Carrow v. Thropp, supra.*

The fact that the gift over upon failure of issue is to the survivor of living persons, also indicates testator's preference for a

definite failure of issue construction. *Restatement of Property, Vol.* 3, *Sec. 267, Comment "K"*. Testator's provision for the issue of his children, in the event that they should die leaving issue, clearly relates to the then known issue of testator's children. If testator used the word "issue" in one instance as referring to the immediate issue of his children, in the absence of any indication in the will to the contrary, the same word used in another clause of the same item of the will would be given the same construction. *Equitable Trust Co. v. Johnson, 28 Del.Ch. 45, 36 A.2d 257*. The gift over is inconsistent with the estate "absolutely and in fee simple" given to the two children of testator. Whatever interpretation may be given to such inconsistency, it certainly does not indicate a preference for the indefinite failure of issue construction.

I conclude that testator sufficiently indicated his preference for the definite failure of issue construction to overrule any presumptive preference which might have existed for an indefinite failure of issue construction.

Having rejected the indefinite failure of issue in favor of the definite failure of issue construction, the case of *Rickards v. Gray, 6 Houst. 232*, becomes controlling. The *Rickards* case is authority for the proposition that where a limitation gives in terms an absolute interest with gifts over to the issue on the death with issue of the first taker and to another person on the death without issue of the first taker, the inconsistency between the absoluteness of the gift to the first taker and the all-inclusiveness of the gifts over is resolved by regarding the gift to the first taker and the gifts over as alternative or substitutional. The conclusion reached by the Court of Errors and Appeals in the *Rickards* case is supported by *Restatement of Property, Vol. 3, Sec. 267, Comment "G"*, and *Page on Wills, Vol. 3, Sec. 1113, p. 363*. The children of testator, having both survived testator, took an absolute fee simple estate under Item Second of testator's will.

This construction is in accord with testator's intention as I understand it. The dominant purpose of testator was to give to his two children a fee simple estate. His attempt to provide a gift over was

subordinate to the main purpose and was to take effect only in the event of the death of the first takers during the lifetime of testator. The only way in which, having accepted the definite failure of issue construction, the will of testator can be given effect as written is by interpreting the gifts over as alternative or substitutional; otherwise, the gifts over conflict with the absolute fee simple estate provided by testator for his two children.

I conclude that the children of testator, Saul Harold Goldberger and Frances Estelle Shore, take an absolute fee simple estate under the provisions of Item Second of testator's will.

An order will be entered in accordance with this opinion upon notice.